ROSE COPHAM LAUE and Another, Respondents, *v.* BETHLEHEM STEEL CORPORATION and Others, Defendants, Impleaded with CHARLES M. SCHWAB and Others, Appellants.

First Department, December 24, 1934.

*Frederick H. Wood* of counsel [*Harold F. McGuire* with him on the brief; *Cravath, de Gersdorff, Swaine & Wood,* attorneys], for the appellants.

*C. Frank Reavis* of counsel [*Percival E. Jackson,* attorney], for the respondents.

TOWNLEY, J. This is a derivative action brought in the right of the corporate defendant against the individual defendants who were officers and directors during the years 1929 and 1930.

The complaint sets up two alleged causes of action. The first cause of action alleges that the corporate defendant had an authorized capital stock of 5,000,000 shares of common stock without par value; that of this 1,800,000 shares were issued to retire outstanding common stock of the par value of $100 a share; that on May 29, 1929, 600,000 shares were offered to its stockholders at $85 a share and on September 20, 1929, 800,000 shares were offered at the price of $110; that the stock thus issued together with that previously issued in exchange for common stock left in the treasury of the defendant corporation 1,800,000 shares of unissued common stock of no par value; and that in the months of October and December, 1929, the defendant corporation had in its treasury some $20,383,614.50. Continuing the complaint alleges: " That in pursuance of a conspiracy so to do and acting in concert, the individual defendants authorized the expenditure of said sum of $20,383,614.50 by the corporation in the months of October and December, 1929, for the purchase and acquisition from persons, to the plaintiffs unknown, of 221,200 shares of the common capital stock of the defendant corporation, which had theretofore been issued by it as aforesaid.

" That the said shares of stock so purchased were not required by the corporation for any corporate purpose; that the purchase of the same depleted the working capital of the corporation by $20,383,614.50, deprived the corporation of the same and the use thereof and the interest thereon and resulted in an additional

loss equivalent to expense and cost theretofore paid by the corporation in issuing such stock as aforesaid."

It is then alleged that the purchase of this stock was not authorized by the stockholders of the defendant corporation under a resolution referred to in the complaint; that the defendants caused the corporation to expend such moneys for the purchase of such stock in the exercise of a " common, individual, concealed and undisclosed purpose, to aid, assist and for the benefit of persons other than the defendant corporation, including some of the individual defendants, and the expenditure thereof was not authorized by the individual defendants in the exercise of any discretion, but without the exercise of the same; " and that at the time of the discovery of the facts alleged by the plaintiff, it is claimed that the stock purchased was worth less than $4,000,000.

Stripped of its unsupported conclusions, this complaint alleges nothing other than a purchase by the corporate defendant of 221,200 shares of its outstanding common stock out of a total outstanding issue of 3,200,000 shares at an average cost of approximately $92.15 a share. That a corporation may purchase shares of its own stock from surplus in the absence of inhibitions in the statutes of the State under whose laws it is organized or in its certificate of incorporation or by-laws is well settled. (*Richards* v. *Wiener Co.*, 207 N. Y. 59; *Topken, Loring & Schwartz, Inc.*, v. *Schwartz*, 249 id. 206; *Cross* v. *Beguelin*, 226 App. Div. 349; affd., 252 N. Y. 262.) No provision of the New Jersey statutes or of the certificate of incorporation or the by-laws of the corporation is alleged to have been violated. No special authorization by its stockholders is required. Certainly, no claim of waste can be predicated upon the repurchase by the corporate defendant at $92.15 a share of a part of the stock which it had sold less than two months before at $110 a share. There are no allegations of fact charging the individual defendants with any breach of any fiduciary obligation or any bad faith in making the purchases referred to. The mere charge in general terms of wrong motives and collusive intent adds nothing to the complaint in the absence of facts supporting them. There are no allegations in the complaint that the individual defendants profited in any way by the purchase of the stock or that the individual holdings of any of them were involved in the purchase. The fact that the stock was worth less at the time this action was brought than when it was purchased has no bearing on the propriety of the original purchase. This complaint charges neither breach of any obligation by the individual defendants nor any loss resulting to the corporation. The first cause of action is wholly insufficient and should have been dismissed.

The second cause of action should also have been dismissed. There is no allegation that demand was made of the corporation to begin a suit based on the matters alleged therein. Neither is there any allegation that such demands would have been ineffective. Such allegations are essential to a proper statement of the cause of action on the theory attempted to be presented, and the second cause of action should, therefore, be dismissed.

The order should be reversed, with twenty dollars costs and disbursements, and the motion granted.

FINCH, P. J., MERRELL and GLENNON, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion granted.