ADDISON C. THORNE et al., Respondents, *v.* H. RUSSELL BRAND et al., Defendants, and BRAND'S RESTAURANT CONTROL CORPORATION, Appellant.

Argued January 20, 1938; decided March 8, 1938.

*Edmund M. McCarthy* and *John F. Faulkner* for appellant. The service upon the Secretary of State was invalid and should be vacated. (*Hexter* v. *Day-Elder Motors Corp.*, 192 App. Div. 394; *Flynn* v. *Brooklyn City R. R. Co.*, 158 N. Y. 493; *Kavanaugh* v. *Commonwealth Trust Co.*, 181 N. Y. 121; *Potter* v. *Walker*, 276 N. Y. 15; *People ex rel. Solomon* v. *Brotherhood of Painters*, 218 N. Y. 115.)

*Meyer Kraushaar* for respondents. The service on the Secretary of State was proper and gives the court jurisdiction of the appellant corporation. (*Tauza* v. *Susquehanna Coal Co.*, 220 N. Y. 259; *Irving Trust Co.* v. *Brogan*, 247 App. Div. 275; *People* v. *Bankers' Capital Corp.*, 137 Misc. Rep. 293; *Atlantic Greyhound Lines, Inc.*, v. *Metz*, 70 Fed. Rep. [2d] 166; *United Fuel Gas Co.* v. *Railroad Comm.*, 13 Fed. Rep. [2d] 510; *Kitty Kelly Stores, Inc.*, v. *Edison New York Stores, Inc.*, 243 App. Div. 563; *Markowitz* v. *Fox*, 244 App. Div. 802; *Evarts* v. *Killingworth Mfg. Co.*, 20 Conn. 447; *Colorado Debenture Corp.* v. *Lombard Inv. Co.*, 66 Kan. 251; *Timolat* v. *Held Co.*, 17 Misc. Rep. 556; *Zeltner* v. *Zeltner Brewing Co.*, 174 N. Y. 247; *Inventions Corp.* v. *Hobbs*, 244 Fed. Rep. 430; *Miller* v. *Quincy*, 179 N. Y. 294; *Ernst* v. *Rutherford & Boiling Springs Gas Co.*, 38 App. Div. 388.)

O'BRIEN, J. Plaintiffs, as stockholders in appellant Brand's Restaurant Control Corporation, brought this action on behalf of themselves and other stockholders of appellant corporation similarly situated and also on behalf of appellant corporation against appellant corporation and several individuals and other corporations. The complaint demands judgment against all the defendants " other than the defendant Brand's Restaurant Control Corporation " (this appellant), and demands that

those other defendants pay to appellant Brand's Restaurant Control Corporation certain moneys wrongfully acquired by them, assign certain patents to this appellant, restore shares of stock to it and be enjoined from further interfering with appellant's property.

The complaint further alleges that defendant H. Russell Brand, owner of fifty-one per cent of the stock in appellant, has utilized its funds for his own benefit and has converted its patents to his own use and other of appellant's assets to the corporate defendants. It also alleges that the reason why appellant has not been requested to bring this action and has been made a party defendant is because its directors, these individual defendants, all have been engaged in the wrongful acts set forth in the complaint. This action is brought in the interest of appellant and for its benefit but, on the allegations of the complaint, it is also one which appellant itself should have brought against the individual defendants and the other corporate defendants.

This appellant is a Delaware corporation which formerly transacted business in this State. On June 16, 1923, it filed its certificate of surrender of authority to do business here. Pursuant to section 216 (subd. 1-e) of the General Corporation Law (Cons. Laws, ch. 23), the summons and complaint in this action were served upon the Secretary of State. Appellant, Brand's Restaurant Control Corporation, moved to vacate the service of the summons, and its motion was denied. The Appellate Division affirmed the order of Special Term and certified the question whether the service upon the Secretary of State was authorized by section 216 (subd. 1-e) of the General Corporation Law.

Section 216 (subd. 1-e) provides in respect to the certificate of a foreign corporation surrendering its authority to do business in this State, " That it consents that process against it in an action or proceeding *upon any liability or obligation incurred within this state* before the filing

of the certificate of surrender of authority, after the filing thereof, may be served upon the secretary of state." If this action against this appellant is " upon any liability or obligation incurred " *by it* within this State, then the service was properly made. Such a liability or obligation to plaintiffs was incurred by appellant within this State before the filing of the certificate of surrender of authority.

The effect of the allegations of the complaint is that the individual defendant H. Russell Brand, with the connivance of the other individual defendants, all of whom are directors in appellant corporation, wrongfully diverted the property of appellant to the use of H. Russell Brand and of the corporate defendants other than appellant. Under the circumstances alleged in the complaint a duty rested upon appellant corporation to institute an action against the other defendants to recover its property so wrongfully abstracted. (*Koral* v. *Savory, Inc.,* 276 N. Y. 215, 220.) Such an action could have been begun in this State. All the individual defendants who are alleged to have participated in the spoliation of appellant are residents of this State and all the defendant corporations, except this appellant and one other, are incorporated under the laws of New York. This action is, therefore, one within the meaning of section 216 (subd. 1-e) of the General Corporation Law, upon an obligation incurred by this appellant within this State before the filing of its certificate of surrender of authority.

The order should be affirmed, with costs, and the certified question answered " Yes."

CRANE, Ch. J., LEHMAN, LOUGHRAN, FINCH and RIPPEY, JJ., concur; HUBBS, J., taking no part.

Order affirmed, etc.