OTTO FRANK, Suing on Behalf of Himself and All Other Stockholders of NIAGARA HUDSON POWER CORPORATION and of NORTHERN NEW YORK· UTILITIES, INC., Respondent, *v.* FLOYD L. CARLISLE, ALFRED H. SCHOELLKOPF, ROY K. FERGUSON, H. E. MACHOLD, C. E. NORRIS, W. H. VERSFELT, THE MICHABO CORPORATION (Sued Herein as FLOYD L. CARLISLE & Co., INC.), WILLIAM K. DICK and SCHOELLKOPF, HUTTON & POMEROY, INC., Appellants, Impleaded with NORTHERN NEW YORK UTILITIES, ; INC., and NIAGARA HUDSON POWER CORPORATION, Defendants.

First Department, March 3, 1939. ;

*Horace R. Lamb* of counsel [*Thomas F. Fennell, II*, with him on the brief; *LeBoeuf, Machold & Lamb*, attorneys], for the appellants Carlisle, Schoellkopf, Ferguson, Machold, Norris, Versfelt and The Michabo Corporation.

*Horace R. Lamb* of counsel [*Lyman M. Bass* and *Thomas F. Fennell, II*, with him on the brief; *Kenefick, Cooke, Mitchell, Bass & Letchworth*, attorneys], for the appellant Schoellkopf, Hutton & Pomeroy, Inc.

*Frank J. Berberich* of counsel [*John C. Bruton, Jr.*, with him on the brief; *Sullivan & Cromwell*, attorneys], for the appellant William K. Dick.

*Murray Levine* of counsel [*Philip G. Gross*, attorney], for the respondent.

PER CURIAM. This court has previously adjudged the original complaint herein insufficient but modified an order dismissing the complaint on the merits by permitting plaintiff to replead. (*Frank v. Carlisle*, 254 App. Div. 652.) The amended complaint now before us has been held sufficient by Special Term. Certain of the defendants appeal.

Plaintiff, a stockholder of Niagara Hudson Power Corporation, seeks to allege causes of action against defendants for claimed breaches of duty as directors of two other predecessor corporations, Northeastern Power Corporation and Power Corporation of New York, and also seeks to state a cause of action against defendants as directors of a third corporation, Northern New York Utilities, Inc., all the stock of which is owned by Niagara Hudson. Plaintiff never was a stockholder of these predecessor corporations, which have been dissolved. Only two of the seven individual defendants are alleged to be directors or officers of Niagara and these two are sued for acts done while directors of predecessor

corporations. The purchases and sales complained of took place between 1921 and 1926, long prior to the organization of Niagara, and may be grouped under three headings: (1) The Northeastern transaction; (2) the Grasse river transactions, and (3) a third transaction relating to " various other properties."

Assuming the allegations of demand on the directors of Niagara and their refusal to sue are sufficient, there is no allegation of any demand upon the directors of Northern Utilities Company, and as to Northern the complaint alleges no right that plaintiff may enforce. In *Holmes* v. *Camp* (180 App. Div. 409), on which plaintiff relies, the directors of both companies had refused to institute an action after due and proper request to do so.

In the amended complaint, as in the original, there are no sufficient factual allegations as distinguished from general and conclusory claims to show (1) that when the properties in question were originally acquired defendants were then agents or trustees of the predecessor corporations (which were not then in existence and of which this plaintiff never was a stockholder); (2) that at such times defendants could not have resold the properties to other persons or corporations than the ones to which they ultimately were sold; or (3) that the corporations alleged to have been wronged then contemplated purchase of such properties. This distinguishes the present action from *New York Trust Co.* v. *American Realty Co.* (244 N. Y. 209). There the director and president of an existing corporation for which he was acting was held liable to his company for profits that were solely the fruit of an existing fiduciary agency; but to the extent that the profit was the fruit of prior ownership, it was held that even such director could not be called to account. There, too, the claim was made by the corporation; here claims are asserted by one who never was a stockholder of the corporations claimed to have been wronged and whose alleged causes of action relate to transactions that took place years before his company, Niagara, was organized. The rules of law enunciated in the *American Realty* case must be read in the light of the facts to which they were applied. That case is no precedent to sustain this amended complaint.

Factual deficiencies found in the original still persist in the amended complaint. Where domination and control are alleged in a number of instances the allegations are merely conclusory statements. General charges of conspiracy, wrong motives, collusive intent add nothing in the absence of facts to support them. (*Laue* v. *Bethlehem Steel Corporation*, 243 App. Div. 57; *Lonsdale* v. *Speyer*, 249 id. 133; *Continental Securities Co.* v. *Belmont*, 206 N. Y. 7.) The catch-all allegation repeatedly made that all the

other individual defendants " shared, directly or indirectly, in the profits " is a vague general charge, not a concise statement of facts apprising such other defendants of the factual nature of the alleged wrongs so as to enable them intelligently to answer, especially as other specific allegations contradict this charge as to some of the individual defendants. With regard to the so-called Oswego transaction there are no allegations as to the value of the stock of the Oswego River Power Corporation, the People's Gas and Electric Corporation or the General Development Corporation therein involved. With regard to the so-called Grasse river transaction, it does not appear what the defendants paid other members of the syndicate to acquire the complete control of the syndicate as alleged. In fact, it is alleged that the sum paid is "unknown" to the plaintiff. This is no factual basis for an allegation that gross and excessive profits were secured. With regard to the third transaction relating to what is vaguely designated " other properties," there clearly are no sufficient allegations of fact to show what the properties were or what dealings were had with the corporations named.

The second cause of action, not found in the original complaint, merely repeats all the allegations of the first with additional conclusory statements about grossly excessive prices that add nothing to the first cause of action. In *Walsh* v. *Van Ameringen-Haebler, Inc.* (257 N. Y. 478), relied upon here, the allegation that directors voted to themselves excessive salaries was sufficient because it was a statement of fact specifically alleging the breach of duty and informing the defendants of the precise nature of the charge made. It is no precedent to sustain the conclusory statements added in the second cause of action.

We hold that the changes made in the amended complaint are insufficient to cure the deficiencies of the original complaint.

The orders appealed from denying defendants' motions for judgment dismissing the amended complaint should be reversed, with twenty dollars costs and disbursements, and the motions granted.

Present — MARTIN, P. J., TOWNLEY, DORE and COHN, JJ.

Orders unanimously reversed, with twenty dollars costs and disbursements, and the motions granted.