Rose Druckerman and Others, Plaintiffs, and Jacob Fishman and Others, Intervenors, Plaintiffs, *v.* James G. Harbord and Others, Defendants.

Supreme Court, Special Term, New York County, August 27, 1940.

*Abraham L. Pomerantz*, for the plaintiffs.

*Diamond, Rabin, Botein & Mackay* [*David Mackay, Lawrence B. Morris* and *Jerome H. Adler* of counsel], for the defendant Victor Talking Machine Company.

Bernstein, J. The defendant Victor Talking Machine Company, appearing specially, seeks to vacate the service of the supplemental summons and to dismiss the second consolidated amended complaint on the ground that the court has not jurisdiction of the person of said defendant. It appears from the moving papers that the defendant, a New Jersey corporation having authority to do business in the State of New York, surrendered such authority by

a certificate of surrender filed in the office of the Secretary of State on August 18, 1930, and that the service of the supplemental summons was made on the Secretary on February 24, 1940, in purported compliance with the consent set forth in the certificate of surrender and required by section 216, subdivision (1), paragraph (e) of the General Corporation Law. The language of the consent is as follows: " That it hereby consents that process against it in an action or proceeding upon any liability or obligation incurred within the State of New York before the filing of this Certificate of Surrender of Authority after the filing hereof may be served upon the Secretary of State of the State of New York, and his successors in office." The moving defendant urges its motion upon the theory that the second consolidated amended complaint is not based on any " liability or obligation incurred within the State of New York before the filing of the certificate " on its part.

This is a stockholders' derivative action for an accounting, based on alleged wrongs committed by the defendants General Electric Company, Westinghouse Electric and Manufacturing Company, Radio Corporation of America, the officers and directors of the latter, and others. The defendant Victor Talking Machine Company was a subsidiary of the defendant Radio Corporation of America, and some of those wrongs relate to an alleged waste and dissipation of its assets, but the complaint does not impute those wrongs to Victor nor seek any accounting from it. As a matter of fact, Victor is no longer in business, having been dissolved in accordance with the laws of New Jersey on October 26, 1934, as the moving papers point out.

It is established law that the stockholders of a parent corporation may institute an action to recover for losses sustained as the result of wrongs perpetrated upon its subsidiary, for, as it was said: " The full use of holding companies which has grown up in recent years would prevent the righting of many wrongs if an action like the present might not be maintained by a stockholder of a holding company." (*Holmes* v. *Camp*, 180 App. Div. 409, 412.) It is equally well settled that in such an action the subsidiary company is an indispensable party defendant. Since the plaintiffs here are stockholders of Radio Corporation of America, they may, therefore, in this " double derivative " action sue also in behalf of its subsidiary, Victor.

A stockholders' derivative action is based upon two distinct wrongs: (1) The act whereby the corporation was caused to suffer damage, and (2) the act of the corporation itself in refusing to redress the said act. The second of those wrongs, it has been squarely held, constitutes a liability or obligation within the mean-

ing of section 216 of the General Corporation Law. (*Thorne* v. *Brand*, 277 N. Y. 213.) That case is authority, too, for the propositions that the liability or obligation is incurred immediately upon the commission of the first of those wrongs, and that, in the case of a foreign corporation licensed to do business here, it is incurred within the State, if the defendants liable are residents of the State and subject to the jurisdiction of its courts.

In this case the duty of Victor to bring suit for the alleged waste of its assets arose and was breached by it prior to the surrender of its certificate of authority to do business in this State. It was its duty then to seek redress in the courts of the State of New York where it was authorized to do business and where twenty-one of the twenty-five defendants named in this action resided or were subject to the service of process. (*Thorne* v. *Brand, supra.*) Its failure to do so constituted a breach of obligation within the meaning of the statute, for which plaintiffs, as stockholders of its parent corporation, were authorized to sue in this " double derivative " action.

The moving party points to the fact that the complaint in the instant action alleges no demand on Victor for the bringing of suit and no refusal thereon by its officers and directors and consequently sets up no cause of action in behalf of Victor. (*Frank* v. *Carlisle*, 256 App. Div. 332.) That objection, if it has any force, may be available to a defendant appearing generally to attack the sufficiency of the complaint, but not to a defendant appearing specially to question the jurisdiction of the court. In connection with that point it may be interesting to note that no demand upon the corporation was pleaded in the *Thorne* case (*supra*).

The court having acquired jurisdiction of the moving defendant, the motion is denied with leave to it to serve an answer to the second consolidated amended complaint within twenty days after the service upon it of a copy of this order with notice of entry, if it be so advised.