## COHEN v. INDUSTRIAL FINANCE CORPORATION et al.

District Court, S. D. New York.

July 10, 1941.

See, also, D.C., 44 F.Supp. 491.

Bondy & Schloss, of New York City, for plaintiff.

Jay Leo Rothschild, of New York City (Walter S. Beck, of New York City, of counsel), for defendants.

COXE, District Judge.

These are motions (1) by the defendant Industrial Acceptance Corporation (hereinafter referred to as "IAC") to vacate the service of process upon it, and (2) by the defendants Industrial Finance Corporation (hereinafter referred to as "IFC") and Morris Plan Corporation of America (hereinafter referred to as "MPC") to dismiss the complaint for lack of jurisdiction over the defendant Industrial Acceptance Corporation, an indispensable party.

The action is brought by the plaintiff as a stockholder of IAC against IFC and MPC for an accounting with respect to various alleged fraudulent and illegal transactions between IAC, IFC and MPC commencing in 1930. IAC has been joined as a defendant on allegations that it is controlled by IFC, and that the present management of the corporation is hostile to the action.

The plaintiff is a citizen of New York, and all three of the defendants are Virginia corporations. IFC and MPC have been for many years, and still are, authorized to do business in New York. The service of process on these two defendants is not questioned. IAC was authorized to do business in New York from 1924 to 1936, but in 1936 it surrendered such authority, and has since then done no business in New York; it now has its principal office for the transaction of business in Virginia.

The certificate filed by IAC in New York at the time it withdrew from business in the State contains the following paragraph:

"Said corporation hereby consents that process against it in any action or proceeding upon any liability or obligation incurred within this state before the filing of this certificate of surrender of authority, after the filing of this certificate, may be served upon the Secretary of State of the State of New York".

The summons and complaint were first served on IAC in Virginia on March 27, 1941 pursuant to Section 51 of the Judicial Code as amended in 1936, 28 U.S.C.A. § 112. Subsequently, and on May 12, 1941, the summons and complaint were again served on IAC by service on the Secretary of State of New York.

It is well settled that in an action of this kind, the corporation for whose benefit the action is brought should be aligned as a defendant. Venner v. Great Northern Railway Co., 209 U.S. 24, 28 S.Ct. 328, 52 L.Ed. 666; J.R.A. Corporation v. Boylan, D.C., 30 F.Supp. 393, affirmed 2 Cir., 109 F.2d 1018. With this alignment the action stands as one "between citizens of different States", of which the district courts are given original jurisdiction. 28 U.S.C.A. § 41(1).

The question then is whether the action can be maintained in this district; this, in turn, depends on whether the service of process on IAC is effective. Section 51 of the Judicial Code as amended in 1936 28 U.S.C.A. § 112, reads in part as follows: " * * * where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant; except that suit by a stockholder on behalf of a corporation may be brought in any district in which suit against the defendant or defendants in said stockholders' action, other than said corporation, might have been brought by such corporation and process in such cases may be served upon such corporation in any district wherein such corporation resides or may be found".

This section "merely accords to the defendant a personal privilege respecting the venue, or place of suit, which he may assert, or may waive, at his election". Commercial Casualty Ins. Co. v. Consolidated Stone Co., 278 U.S. 177, 179, 49 S.Ct. 98, 99, 73 L.Ed. 252. The privilege will be deemed waived by a corporate defendant by the designation of an agent upon whom process may be served, and a consent to be sued within the State. Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437. The case of Philipbar v. Derby, 2 Cir., 85 F.2d 27, holding that a stockholder's derivative action could be brought only in a district where the corporation might have sued, was decided before the decision of the Supreme Court in the Neirbo case, and was necessarily affected by the Neirbo decision. See Schwarz v. Artcraft Silk Hosiery Mills, 2 Cir., 110 F.2d 465, 467.

In the present case, IAC filed in New York in 1936 a certificate, consenting that process against it "in any action or

proceeding upon any liability or obligation incurred within this State before the filing of this certificate" might be served upon the Secretary of State. Pursuant to this consent, the summons and complaint were served on IAC by service on the Secretary of State on May 12, 1941. I think that if the action is "upon any liability or obligation incurred" within the State of New York prior to 1936 the service of process on IAC should be upheld.

The principal transactions of which the plaintiff complains are alleged to have taken place prior to 1936; they could thus have been made the basis of an action in New York by IAC against IFC and MPC. The duty of IAC to commence such an action was "an obligation incurred" within the State prior to 1936. Thorne v. Brand, 277 N.Y. 212, 14 N.E.2d 42; Lissauer v. Brown et al., 262 App.Div. 723, 28 N.Y.S. 2d 722, permission to appeal to Court of Appeals denied 262 App.Div. 743, 29 N.Y. S.2d 140; Druckerman v. Harbord, 174 Misc. 1077, 22 N.Y.S.2d 595. I think, therefore, that the service of process on IAC by service on the Secretary of State of New York is valid.

The motion of the defendant Industrial Acceptance Corporation to vacate the service of process on the Secretary of State of New York on May 12, 1941, is denied; with this disposition it is unnecessary to pass on the similar motion of the same defendant to vacate the service of process in Virginia on March 27, 1941. The motions of the defendants Industrial Finance Corporation and Morris Plan Corporation of America to dismiss the complaint are denied.