Tobias Zwerdling, Suing on Behalf of Bethlehem Steel Corporation, for Himself and for the Benefit of All Other Stockholders Similarly Situated Who May Come in and Contribute to the Cost of This Action, Respondent, *v.* Quincy Bent and Others and Bethlehem Steel Corporation, Defendants, Impleaded with William J. Brown, and Edward H. Schwab and Others, as Executors, etc., of Charles M. Schwab, Deceased, Appellants.

First Department, May 22, 1942.

*Frederick H. Wood* of counsel [*George M. Billings* with him on the brief; *Cravath, deGersdorff, Swaine & Wood*, attorneys], for the appellants.

*William S. Bennet* of counsel [*Bennet, House & Couts* and *Philip Bramnick* with him on the brief; *Louis Boehm*, attorney], for the respondent.

Per Curiam. Affidavits may properly be considered on a motion to strike out as sham under rule 103 of the Rules of Civil Practice. (*Fleischer* v. *Terker*, 259 N. Y. 60; *Socony-Vacuum Oil Co., Inc.,* v. *City of New York*, 247 App. Div. 163 [1st Dept.]; affd., 272 N. Y. 668.). The complaint is verified on information and belief. Affidavits of the moving defendants in support of motions to strike out certain paragraphs of the complaint as sham were made on knowledge and corroborated by the management stock ownership plan attached to the complaint. In opposition to the motion of defendant Brown, plaintiff filed no counter-affidavit. In opposition to the motion of defendant Schwab, plaintiff filed an affidavit in which he again alleged on information and belief that he believed the allegations to be true without stating the sources of his information or the grounds of his belief so that the court could judge whether the claimed information and belief had any basis whatever. On the record before us, the motions to dismiss as sham (¶¶ 83, 89 and 127 of the complaint) should have been granted. (*People* v. *McCumber*, 18 N. Y. 315, 320, 324, 325; *Matter of Whitman*, 225 id. 1, 9; *Buell* v. *Van Camp*, 119 id. 160.)

With the portions of the complaint stricken out as sham, there remains no claim in the complaint for the recovery of profits but only for loss or waste of corporate property. The transactions complained of occurred and the causes of action accrued more than eight years before commencement of the action. Accordingly, all of the causes of action are barred by the six-year Statute of Limitations. (*Potter* v. *Walker*, 276 N. Y. 15; *Cwerdinski* v. *Bent*, 256 App. Div. 612; affd., 281 N. Y. 782; *Goldstein* v. *Tri-Continental Corp.*, 282 id. 21; *Dunlop's Sons, Inc.,* v. *Spurr*, 285 id. 333.) Finally, on a prior appeal in which the same transactions and subsequent transactions related thereto were considered, this court unanimously affirmed a judgment dismissing a derivative action brought by another stockholder against the present defendants on the ground, among others, that the cause of action was barred by the six-year Statute of Limitations. (*Lyon* v. *Holton*, 172 Misc. 31; affd., 259 App. Div. 877.) This was modified in the Court of Appeals only to the extent of retaining the corporation as a nominal defendant in so far as relief was sought against the other remaining defendants, but in all other respects affirmed (286 N. Y. 270). Accordingly, the motions to dismiss under subdivision 6 of rule 107 of the Rules of Civil Practice under the six-year Statute of Limitations should have been granted.

Defendant Brown is not alleged to have been either an officer or director of the corporation for the redress of whose wrongs the action is brought. In view, however, of the dismissal under rule

107 that defendant's motion to dismiss under subdivision 5 of rule 106 becomes academic.

The orders appealed from should be reversed, each with ten dollars costs and disbursements, and the motions to dismiss under rule 107 granted.

Present — MARTIN, P. J., DORE, COHN and CALLAHAN, JJ.

Orders unanimously reversed, each with ten dollars costs and disbursements, and the motions to dismiss under rule 107 of the Rules of Civil Practice granted.