HARRY GLANTZ and Others, Stockholders of BETHLEHEM STEEL CORPORATION and for the Benefit of All Other Stockholders Who May Elect to Come in and Contribute to the Expenses of This Action, Respondents, *v.* GEORGE H. BLAKELY and Others and BETHLEHEM STEEL CORPORATION, Defendants, Impleaded with WILLIAM J. BROWN, JAMES H. WARD, and EDWARD H. SCHWAB and Others, as Executors, etc., of CHARLES M. SCHWAB, Deceased, Appellants.

First Department, May 22, 1942.

*Frederick H. Wood* of counsel [*George M. Billings* with him on the brief; *Cravath, deGersdorff, Swaine & Wood,* attorneys], for the appellants.

*William S. Bennet* of counsel [*Bennet, House & Couts* and *Philip Bramnick* with him on the brief; *Louis Boehm,* attorney], for the respondents.

PER CURIAM. The subject-matter of this derivative action is the purchase by Bethlehem Steel Corporation of New Jersey of shares of its common stock in the latter part of 1929 and resale of the stock to officers and employees in the early part of 1930 under the corporation's management stock ownership plan considered in *Zwerdling* v. *Bent* (264 App. Div. 195). The same transactions and subsequent transactions related thereto have been considered by this court on prior appeals (*Laue* v. *Bethlehem Steel Corporation,* 243 App. Div. 57; *Lyon* v. *Holton,* 172 Misc. 31; affd., 259 App. Div. 877; 286 N. Y. 270). The transactions complained of occurred in 1929, almost nine years before the commencement of the action against defendants Brown and Ward, and nearly ten years before commencement of the action against defendant Schwab. For the reasons stated, and under the authorities cited in the *Zwerdling* case (*supra*), defendants' motions to dismiss the complaint under subdivision 6 of rule 107 of the Rules of Civil Practice (the six-year Statute of Limitations), should have been granted. The allegations that " substantially all of the individual defendant directors " purchased the stock wholly fails to identify any of the subscribers, and the complaint also fails to show the relation of the defendants to the corporation and fails to identify the defendants who participated in the alleged wrongs or benefited therefrom. In view, however, of the dismissal under rule 107, the motion of defendant Charles M. Schwab to dismiss for failure to state facts sufficient to constitute a cause of action, or, in the alternative, to separately state and number and make more definite and certain, is academic.

The orders appealed from should be reversed, each with ten dollars costs and disbursements, and the motions to dismiss under rule 107 granted.

Present — MARTIN, P. J., DORE, COHN and CALLAHAN, JJ.

Orders unanimously reversed, each with ten dollars costs and disbursements, and the motions to dismiss under rule 107 of the Rules of Civil Practice granted.