KATE TARLOW et al., Respondents, *v.* J. E. ARCHBELL et al., Defendants; O. H. CHALKLEY et al., Appellants, and PHILIP MORRIS & CO., LTD., INCORPORATED, Respondent.

DORE, J. (dissenting in part). No essential allegation not shown to be sham survives defendants' motion addressed to the first cause of action.

(*Zwerdling* v. *Bent*, 264 App. Div. 195, affd. 291 N. Y. 654.) The undisputed documentary evidence, the affidavits and concessions of plaintiffs' accountant show that the bonus computations, audited by independent accountants, were based on the net profits as recorded in the company's own books of account, reported to the stockholders and stated in accordance with accepted principles of accounting. Where there is a mere difference of opinion as to the application of accepted methods of accounting and no factual allegations showing fraud, dishonesty or conduct so oppressive as to be its equivalent, the court should not interfere and take over the directorial management of the business. (*Kalmanash* v. *Smith*, 291 N. Y. 142, 153, 156.) The first cause of action should be dismissed.

The second cause of action does not charge that the compensation paid exceeded the value of the services rendered. Under all the facts and circumstances alleged the resolution of 1936 was not *ultra vires* or otherwise illegal and the defendants' motion to dismiss the second cause of action should have been granted.

The documentary evidence establishes without contradiction that the extension referred to in the fifth cause was not granted to McKitterick's estate alone; and the words " to Leonard B. McKitterick " contained in paragraph 56 of the complaint should be struck as sham. The original expiration date, referred to in the fifth count, is not alleged to have been fixed by the stockholders but by the board of directors. The board that initially determined the subscription date had the power through its duly authorized representative to extend the time for two weeks. Since no action requiring stockholders' approval was taken, the validity of the extension was not dependent on notice to the stockholders and no damage to the corporation was caused by the failure to give such notice. If such failure was a wrong, it was to individual stockholders and not to the company (*Hoyt* v. *Great American Insurance Co.,* 201 App. Div. 352), and cannot be the basis for recovery in this derivative suit. The fifth count is insufficient.

To the extent indicated I dissent in part and vote to modify the order: (1) by granting defendants' motion to strike out as sham the allegations attacked in the first cause of action and on striking such allegations, granting defendants' motion to dismiss the first cause of action; and (2) by granting defendants' motion to dismiss the second and fifth causes of action, and also the motion to strike out addressed to the fifth cause of action; and as so modified I vote to affirm.

Martin, P. J., Townley and Glennon, JJ., concur in decision; Dore, J., dissents in part in opinion in which Untermyer, J., concurs except as to the fifth cause of action, as to which he votes to affirm.

Order affirmed, with $20 costs and disbursements, with leave to the defendants-appellants to answer the consolidated and third amended complaint within twenty days after service of order, on payment of said costs. No opinion. [See *post*, p. 937.]