ELIZABETH DEVLIN, Suing on Her Own Behalf and on Behalf of All the Stockholders of Standard Aircraft Products, Inc., Similarly Situated, Plaintiff, *v.* REGINALD N. WEBSTER et al., Defendants.

Supreme Court, Special Term, New York County, October 29, 1946.

*Alley, Cole, Grimes & Friedman* for Standard-Thompson Corporation, defendant appearing specially.

*Joseph A. Ruskay* for plaintiff.

BOTEIN, J. In this derivative stockholders' suit the corporate defendant Standard-Thompson Corporation (named formerly and sued herein as Standard Aircraft Products, Inc.) has moved to vacate service of process and to dismiss the action upon the ground that the court has no jurisdiction over its person.

Standard is a Delaware corporation. It obtained, on March 27, 1943, a certificate of authority from the Secretary of State, pursuant to section 210 of the General Corporation Law, authorizing it to do business within this State. In order to secure the same it was required to present " a designation of the secretary of state as its agent upon whom all process in any action or proceeding against it may be served within this state." It asserts that since the Spring of 1945 it has not carried on any business activities in New York and that for some time prior to the service of the summons and complaint has not had any office in New York. On August 7, 1946, prior to service of any process in this action, Standard Aircraft Products, Inc., effected a change of name to that of Standard-Thompson Corporation, in Delaware, the State of its organization, but failed to comply in this State with section 215 of the General Corporation Law. This section requires, under penalty of implied surrender of authority to do business, that a certificate be secured prior to the change of name, to the effect that the name sought to be assumed neither is nor closely resembles the name of any other corporation.

Standard's motion is based upon the theory that when it failed to comply with section 215 of the General Corporation Law, it effected a surrender of its authority to do business in this State and nullified and revoked the appointment of the Secretary of State as its agent to receive process, except to the extent provided for in section 216 of the General Corporation Law. That section continues the Secretary of State as the person upon whom service may be made, as to the corporation, of " process against it in an action or proceeding upon any liability or obligation incurred within this state before the filing of such certificate of surrender of authority  *  *  *." (§ 216, subd. 1, par. e; subd. 2.) Standard, however, asserts that the liability in this action was not one " incurred within this state " since the transactions complained of in the complaint did not take place in this State nor are a majority of the officer and director defendants residents of New York.

A derivative stockholders' action constitutes a liability or obligation of the corporation within the meaning of section 216 of the General Corporation Law. It arises from the refusal of the corporation to bring an action to secure redress for the wrongful acts damaging it (*Thorne* v. *Brand,* 277 N. Y. 212; *Druckerman* v. *Harbord,* 174 Misc. 1077). It is a liability or obligation incurred " within this state " when the persons against whom redress may be sought are subject to suit in this State (*Thorne* v. *Brand, supra; Druckerman* v. *Harbord, supra*). There is no requirement that *all* the persons who may be answerable for the wrong committed against the corporation shall thus be subject to suit in this State. It is sufficient to come within the permissive provisions of section 216 of the General Corporation Law, if some or even any of the wrong-doers are subject to jurisdiction of the courts in this State. Were it to be held otherwise, those who are here resident and over whom jurisdiction might not be obtained by courts of other, and perhaps far distant, jurisdictions, might escape answering for the wrongs they perpetrate.

The basis of jurisdiction in personam over Standard in this action is founded upon a true and real contractual consent, under section 210 of the General Corporation Law, appointing the Secretary of State as agent to receive process on behalf of the corporation which " means that whenever jurisdiction of the subject-matter is present, service on the agent shall give jurisdiction of the person." (*Bagdon* v. *Philadelphia and Reading C. & I. Co.,* 217 N. Y. 432, 437.) Under such circum-

stances the service of process in this action upon the Secretary of State has conferred jurisdiction in personam over Standard, and requires the denial of this motion, based as it is, upon lack of jurisdiction over the person of Standard.

Whether the doctrine of *forum non conveniens* applies in the case at bar, and whether it should be exercised has not been passed upon, since this motion has not been addressed to the discretion but rather to the power of the court to entertain this action. The latitude of the court's discretion has been thereby narrowed considerably. The denial of the motion herein is without prejudice to such proceedings as the defendant Standard may be advised to take to raise such questions (*Sperling* v. *McGee*, 268 App. Div. 925). Defendant is granted twenty days from the service of a copy of this order, with notice of entry, to serve its answer.