## SPIELBERGER v. LITTLE et al.

District Court, S. D. New York.

March 17, 1948.

Bijur & Herts, of New York City (Harry Bijur, of New York City, of counsel), for plaintiff.

Spence, Hotchkiss, Parker & Duryee, of New York City (James H. Halpin and Franklin E. Parker, both of New York City, of counsel), for defendant Textron, Inc.

MEDINA, District Judge.

Defendant, Textron Incorporated, a Rhode Island corporation, moves to vacate service of process. The only substantial question presented involves an interpretation of Section 216 of the General Corporation Law of the State of New York, Consol.Laws, c. 23.

On January 9, 1948, this defendant, which had previously applied for and been granted a certificate of authority to do business in New York, and had designated the Secretary of State of the State of New York as a person upon whom service of process might be made, surrendered its certificate, and its authority to do business in

New York was thereupon terminated. Pursuant to the terms of the General Corporation Law, Section 216, the surrender of authority may be made only upon the filing by the foreign corporation of a certificate stating among other things:

"That it consents that process against it in an action or proceeding upon any liability or obligation incurred within this state before the filing of the certificate of surrender of authority, after the filing thereof, may be served upon the secretary of state."

And Subdivision 2 of Section 216 concludes with the sentence:

"Process against the corporation in an action upon any liability or obligation incurred within this state before the filing of such certificate of surrender of authority may be served, after the filing thereof, upon the secretary of state."

While, prior to the making of this motion, service had been made only upon Robert T. Thurber, Secretary of defendant Textron Incorporated, service has since been effected upon the Secretary of State and, as stated upon the argument, this motion will be determined as if made after such service upon the Secretary of State.

The action is a derivative stockholders' action brought on behalf of defendant, Textron Incorporated, there being various specifications of wrongdoing against the individual defendant, Royal Little, and the prayer for judgment requests an accounting by the defendant, Royal Little, for profits and for damages in favor of defendant, Textron Incorporated. It is charged in the complaint that, because of the various wrongs complained of, Textron Incorporated should have brought action against the defendant, Royal Little, but failed to do so because of the adverse interest of a majority of its Board of Directors.

 It is well settled that the act of the corporation itself in refusing to redress wrongs by directors or officers, from which damage to the corporation resulted, constitutes a liability or obligation within the meaning of Section 216 of the General Corporation Law, Thorne v. Brand, 277 N. Y. 212, 14 N.E.2d 42; and that the liability

or obligation is incurred immediately upon the commission of the acts complained of.

The question here is whether the liability or obligation is "incurred within" the State of New York only where it appears that the officer or director was, prior to the surrender of authority, a resident of the State of New York and thus subject to the jurisdiction of the courts of New York; or whether it is sufficient merely to show that the officer or director, prior to the surrender of authority, had been occasionally within the territorial limits of the State of New York and, accordingly, subject to service of process.

It appears that the defendant, Royal Little, although a resident of Rhode Island, was at least on one occasion subject to service of process in New York as he was, on October 22, 1947, served with a summons and complaint while actually in the private office then maintained by him as President of the defendant, Textron Incorporated, in the City of New York, in a companion action in this Court entitled Levenson et al. v. Royal Little et al., 75 F.Supp. 575. As his presence within the territorial limits of the State of New York on October 22, 1947, was prior to the surrender of authority, it is claimed that he was subject to the jurisdiction of the New York courts and that, accordingly, the service upon the Secretary of State herein was in an action upon a "liability or obligation incurred" within the State of New York before the filing of the certificate of surrender of authority.

The authorities do not sustain plaintiff's contention. In Thorne v. Brand, 277 N.Y. 212, 215, 14 N.E.2d 42, 43, it is held:

"Such an action could have been begun in this State. All the individual defendants who are alleged to have participated in the spoliation of appellant are residents of this State and all the defendant corporations, except this appellant and one other, are incorporated under the laws of New York. This action is, therefore, one within the meaning of section 216 (subd. 1-e) of the General Corporation Law, upon an obligation incurred by this appellant within this State before the filing of its certificate of surrender of authority."

148

In every other case where the question has arisen, and the service, after the surrender of authority, was upheld, it appeared that those whom the corporation might have sued were residents of the State of New York or were corporations authorized to do business in New York. Druckerman v. Harbord, 1940, 174 Misc. 1077, 22 N.Y.S. 2d 595, Bernstein, J.; Cohen v. Industrial Finance Corporation, D.C.S.D.N.Y., 44 F. Supp. 489, Coxe, J.

In Devlin v. Webster, Sup.1946, 188 Misc. 891, 66 N.Y.S.2d 464, 466, Botein, J., aff'd 1st Dept. 1947, 272 App.Div. 793, 71 N.Y.S.2d 706, relied upon by plaintiff, an examination of the file discloses that of the twelve defendants who were charged with wrongdoing at least two were residents of New York. The holding of the Court that "There is no requirement that *all* the persons who may be answerable for the wrong committed against the corporation shall thus be subject to suit in this state" plainly referred to the fact that some of these persons were residents of the State of New York, which was held to be sufficient to come within the terms of Section 216, as the Court continued "Were it to be held otherwise, those who are here resident and over whom jurisdiction might not be obtained by courts of other, and perhaps far distant jurisdiction, might escape answering for the wrongs they perpetrate." Similarly, some of the officers or directors were residents of New York in Lissauer v. Brown, Sup.Ct.Sp.T. N.Y.Co.1941, Rosenman, J., aff'd 1st Dept. 1941, 262 App.Div. 723, 28 N.Y.S.2d 722.

 Where individuals are residents of a state, they are at all times subject to service of process. If not immediately available for personal service, substituted service or service by publication may be resorted to with the same force and effect as though they were personally served. Where foreign corporations are authorized to do business within the state, they are required to designate the Secretary of State upon whom service may be made at all times. To hold that the mere occasional presence of an individual defendant within the state would suffice to bring the case within the terms of Section 216, would seem to be an unjust and unreasonable interpretation of the statute. In any event, the New York authorities are explicit and controlling.

Motion granted.

Settle order on notice.