**SPIELBERGER v. TEXTRON INCORPORATED et al.**

No. 80, Docket 21113.

United States Court of Appeals Second Circuit.

Argued Nov. 12, 1948.

Decided Jan. 14, 1949.

Bijur & Herts, of·New York City, for plaintiff-appellant.

Spence, Hotchkiss, Parker & Duryee, of New York City (James H. Halpin and Franklin E. Parker, Jr., both of New York City, and Robert J. Glasser, of Bethpage, L. I., N. Y., of counsel), for defendant-appellee.

Before SWAN, CHASE, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

The appellant, a resident of New York and a stockholder of the appellee Textron Incorporated, which is a corporation organized under the laws of Rhode Island, brought a derivative stockholders' action against the corporation and its President, Royal Little, a resident of Rhode Island, in the United States District Court for the Southern District of New York. The summons was served in New York upon Robert E. Thurber, the secretary of the corporation, on January 27, 1948. Little has never been served. The corporation moved to vacate the service and, while that motion was pending, additional service upon the defendant was attempted by serving the summons on the Secretary of State for the State of New York. The motion to dismiss was treated as if it had been made after the service upon the Secretary of State and was, after hearing on affidavits, granted. This appeal is from that order.

Appellee had in 1944 been granted a certificate of authority to do business in New York pursuant to the provisions of Article 13 of the New York General Corporation Law, McK.Consol.Laws, c. 23, and had maintained offices at 401 Fifth Avenue in the City of New York. It there did business until sometime late in 1947 when it ceased to conduct any business in New York, and on January 9, 1948 it surrendered, pursuant to the provisions of § 216 of the New York General Corporation Law, its certificate of authority to do business in that state. Since then Textron, Inc., a subsidiary of appellee, has occupied the latter's former offices in New York City and has been in business there.

Appellant contends that the service of the summons upon Thurber was sufficient and, if not, the additional service upon the Secretary of State was. As we decide that the service upon the Secretary of State was sufficient, we need not consider the service on Thurber.

■ Since the surrender, pursuant to § 216 of the New York General Corporation Law, of the appellant's license to do business in New York left it suable by service of process upon the Secretary of State "upon any liability or obligation incurred within this state before the filing of such certificate of surrender," the sufficiency of the service on the Secretary of State depends upon whether this suit is upon a liability or obligation incurred by the appellee in New York while it was licensed to do business there. It is well established in New York that a foreign corporation may be sued in that state, after it has ceased to do business there and has surrendered its

license, in a stockholders' derivative action based on an alleged wrong to it committed outside the state, provided the corporation, while licensed to do business, could have maintained an action in the New York courts to redress the wrong for which recovery in its behalf is sought in the derivative stockholders' suit. Thorne v. Brand, 277 N.Y. 212, 14 N.E.2d 42; Druckerman v. Harbord, 174 Misc. 1077, 22 N.Y.S.2d 595; Devlin v. Webster, 188 Misc. 891, 66 N.Y.S.2d 464, affirmed 272 App.Div. 793, 71 N.Y.S.2d 706; Lissauer v. Brown, Sup.1941, 86 N.Y.S.2d 35, affirmed 262 App.Div. 723, 28 N.Y.S.2d 722.

 To show that appellee thus could have maintained an action against the alleged wrongdoer, Little, while it was licensed to do business in New York, appellant filed an affidavit in which it was stated that, previous to appellee's surrender of its certificate, (1) appellee's "principal office" had been "located" in a building in New York City, under a 30-year lease to appellee, and (2) Little had maintained a "private office as President of the defendant at the latter's principal place of business in" that building. The affidavit further stated that, in another suit—a derivative stockholders' suit in which Textron Incorporated and Little were defendants—Little, on October 22, 1947, had been personally served in that office. These statements in that affidavit the appellee did not deny, although it undoubtedly had all the facts at its disposal.[1] Patently, the President of the appellee, with his office in the principal office of the company in New York City, was more than casually present in New York. He could easily have been served there in a suit by the company, and this fact must have been known by the company.

Appellee insists, however, that, in all the New York cases holding failure to bring suit to redress an alleged wrong to a corporation a "liability or obligation incurred within this state," at least some of the wrongdoers were either residents of New York or corporations licensed to do business there, and so subject at all pertinent times to the jurisdiction of the courts of that state. In each of these cases, stress was placed by the court on the New York residence of the alleged wrongdoers. Thorne v. Brand, 277 N.Y. 212, 14 N.E.2d 42; Druckerman v. Harbord, 174 Misc. 1077, 22 N.Y.S.2d 595; Devlin v. Webster, 188 Misc. 891, 66 N.Y.S.2d 464, affirmed 272 App.Div. 793, 71 N.Y.S.2d 706.

 While, however, the New York decisions have held residence sufficient, they have never held it to be the exclusive test. So to limit it would be to render the New York rulings irrational. Absent any precise New York decision, we must resort to the rationale of the rule,[2] which we think extends at least to cover a case where, as here, the wrongdoer, to the knowledge of the company, was often in New York and could easily have been served there.

Reversed.

---

[1] The district judge spoke in his opinion of "the private office then [i.e., on October 22, 1947] maintained by him [i. e., Little] as President of the defendant, Textron Incorporated, in the City of New York * * *"

[2] See Cooper v. American Airlines, 2 Cir., 149 F.2d 355, 162 A.L.R. 318.