PERCY K. HEXTER, Respondent, v. DAY-ELDER MOTORS
CORPORATION, Appellant.

First Department, June 11, 1920.

Process — action against foreign corporation for breach of con-
tract after ceasing to do business within State and revocation of
designation — service on Secretary of State — service set aside
where no allegation or proof that contract was made within
State — breach after termination of modifying agreement as
breach of original contract.

In order to sustain the validity of the service of a summons on the Secretary
of State in an action against a foreign corporation which has discontinued
business in this State and revoked its designation of a person upon whom
process might be served within this State, it must affirmatively appear
in the complaint that the liability sued on was contracted prior to the
time when the certificate of surrender of authority to do business within
this State was filed with the Secretary of State.

The service of a summons on the Secretary of State in an action brought
against a foreign corporation after it had filed its certificate of surrender
of authority to do business within this State and had revoked the desig-
nation of a person on whom service might be made, should be set aside
where the plaintiff does not allege or prove that the contract, for a breach
of which the action is brought, was made in this State, but on the contrary
it is stated in the moving affidavits of the defendant that the contract
was executed in another State, and it appears that the breach for which
the action was brought was committed after the defendant had ceased
to do business in this State.

Where, after a contract is made, a supplemental or modifying agreement
is entered into suspending in part the operation of the contract for a
stated period, at the end of the term of the modifying agreement the
original contract becomes fully operative and any breach thereafter is a
breach of the original contract.

APPEAL by the defendant, Day-Elder Motors Corporation,
from an order of the Supreme Court, made at the New York
Special Term and entered in the office of the clerk of the
county of New York on the 1st day of May, 1920, denying its
motion to set aside the service of the summons herein.

*Eugene W. Leake* of counsel [*Hiram Thomas* with him on
the brief; *Breed, Abbott & Morgan,* attorneys] for the appellant.

*Woolsey A. Shepard* of counsel [*L. E. Warren* and *Harry W.
Mack,* attorneys], for the respondent.

DOWLING, J.:

Defendant is a foreign corporation, organized under the laws of the State of New Jersey, having its factory and principal office in that State. On June 8, 1918, having complied with all the requirements of law, it was authorized to do business in the State of New York, and received from the Secretary of State of New York a certificate of authority to do business in that State. On June 27, 1919, having ceased to do business in the State of New York it caused a certificate of surrender of its authority to do business in the State to be filed in the office of the Secretary of State of New York and revoked its designation of the person upon whom process against it might be served within the State of New York. Since that time it has had no office and has transacted no business of any sort in the State of New York and at the time of the service of the summons and complaint in this action it was not doing business in this State and there was in force no designation of any person upon whom service of the summons could be validly made as against said corporation.

On December 29, 1919, the summons and complaint in this action were sought to be served on defendant by serving a copy thereof on the Secretary of State of New York. It is to set aside this service that the present motion is made.

The service is sought to be justified under article 2, section 16a, subdivision 4, of the General Corporation Law, as added by chapter 193 of the Laws of 1918, providing in part as follows: " On the filing of such certificate, the Secretary of State shall make a note of the filing thereof on his index of corporations and thereupon the authority of the corporation to do business within this State shall cease and determine, and no such corporation doing business in this State after the filing of such certificate of surrender of authority shall maintain any action in this State upon any contract made by it in this State subsequent to the filing of such certificate of surrender of authority. The filing of such certificate shall not, however, affect any action pending at the time of such surrender, or affect any action in the State upon any contract made by the corporation in this State before the filing of the certificate of surrender of authority. Process against the corporation in an action upon any liability incurred within this State before the filing

First Department, June, 1920.          [Vol. 192.

of such certificate of surrender of authority may, after the filing thereof, be served upon the Secretary of State."

The validity of the service of the summons herein must, therefore, depend upon whether the liability sued on was incurred prior to June 27, 1919, when the certificate of surrender of authority was filed. And in order to sustain the service, it must affirmatively appear that the liability was so incurred.

In my opinion, the allegations of the complaint herein do not bring the present action within the terms of the statute. Plaintiff sets forth that on or about December 26, 1916, he entered into a written contract with defendant's predecessor, Day-Elder Motors Company, to act as its sales manager for a period of three years beginning on that date, on a commission of five per cent with a privilege of renewal for five years on certain conditions; plaintiff was also to receive in further payment for his services five thousand shares of the par value of ten dollars each in the defendant corporation, then about to be organized under the laws of the State of New Jersey, and the contract was to be assigned to said latter corporation when organized. It is alleged that plaintiff entered upon the performance of the contract and established an office in the city, county and State of New York, and that his contract was transferred by the Day-Elder Motors Company to defendant, and in consideration of plaintiff consenting thereto, defendant assumed and agreed to perform the said contract. Thereafter plaintiff continued to perform his contract with defendant until September 21, 1918, and commissions were paid him until about October 1, 1918. On September 21, 1918, at the city, county and State of New York, disputes having arisen between plaintiff and defendant, and defendant having declared said contract canceled, plaintiff and defendant by way of compromise of said disputes, entered into a written contract, a copy of which is annexed and made a part of the complaint. It is to be noted that plaintiff does not allege that he accepted the defendant's declaration that the contract was canceled, or that the contract was in fact canceled. This agreement of September 21, 1918, is made by defendant with plaintiff. It recites the making of the original agreement of December 26, 1916, its assignment to defendant, and that the plaintiff having

received a commission in the army of the United States, " the parties hereto have agreed to modify said agreement of the 26th day of December, 1916, as follows: " It then provides that from October 1, 1918, and as long as plaintiff remains in the army the commissions to which he shall be entitled under section 2 of the original contract shall be two per cent instead of five per cent; that all expenses of sales organization of defendant which under paragraph 9 of the original contract were to be paid by plaintiff shall be paid by defendant after October 1, 1918, and so long as plaintiff shall be in the army, and that for the same period plaintiff shall be released from the obligations assumed by him under paragraph 4 of the original contract, which required plaintiff to devote all necessary time to the business. It was further provided:

" 4. Except as herein expressly modified, all the terms and conditions of said contract shall continue and immediately upon the said Percy K. Hexter ceasing to be in the army, the said agreement of December 26, 1916, shall again go into full force and effect and this modification shall come to an end, so that upon said Percy K. Hexter ceasing to be in the army, he shall resume the duties and obligations imposed upon him by said agreement of December 26, 1916, and from such time shall be entitled to receive 5% commission as provided in said agreement, it being the intention of the parties that the agreement of said Percy K. Hexter to a reduction of his commission under the terms herein set forth and a release by the Day-Elder Motors Corporation, of the obligation of the said Percy K. Hexter to act as sales manager and devote his time to said duties, shall be regarded as mutual considerations for each other.

" The notice given to said Percy K. Hexter by Charles P. Day, President of the Day-Elder Motors Corporation of the cancellation of the contract, is hereby withdrawn, the parties agreeing that said contract is in full force and effect and shall so remain, except as modified by this agreement, and the action heretofore instituted by the said Percy K. Hexter shall be discontinued without costs on payment to him of the amount of commissions owing to him under the terms of said agreement of December 26, 1916, for the month of August, 1918."

The complaint then proceeds to set forth:

" IX. That this plaintiff was honorably discharged from the army of the United States, and returned to his home on or about the 4th day of June, 1919, and immediately thereafter notified the defendant of his return, and that he was ready to at once resume the duties of sales manager under the terms of his contract as provided in said contract Exhibit 'A,' [the second agreement] and thereupon defendant requested this plaintiff to postpone the resumption of his employment pursuant to the contract, Exhibit ' A,' until June 30th, 1919, at which time he should resume pursuant thereto his employment under the terms provided in the contract herein set forth in paragraph II of this complaint and in Exhibit 'A,' on and after July 1st, 1919, to which said request this plaintiff consented.'

" X. That this plaintiff immediately leased an office in the same premises in which this plaintiff had theretofore carried on the business of sales manager of said Day-Elder Motors Corporation, and notified said defendant thereof, and requested defendant to forward to him as theretofore, stationery and advertising matter for the purpose of carrying out his part of the terms of the aforesaid contracts, and immediately notified his salesmen and his stenographer who had remained with defendant as hereinafter set forth, to return to their former position on July 1st, 1919."

" XII. That on or about the 11th day of June, 1919, this plaintiff pursuant to the provisions of the contract, appointed and procured a sales agent for said trucks at Helena, Montana, and reported same to the defendant corporation, which contract or appointment was forwarded to, and was accepted by defendant.

" XIII. That thereafter, and on or about the 10th day of July, 1919, said defendant notified this plaintiff that he was suspended as sales manager of said defendant, at which time this plaintiff notified said defendant that he was, and always had been ready and willing to carry out the terms of his said contracts and Exhibit 'A' upon his part to be performed, and insisted that defendant should carry out the said contract upon its part."

It is then set forth that on July 22, 1919, defendant wrongfully and without just cause notified plaintiff that it refused

and ever since has refused to carry out the terms and conditions of the " said contracts upon its part to be performed, and has refused to permit this plaintiff to perform said contract Exhibit A."

Plaintiff nowhere alleges that the original contract of. December 26, 1916, was made in the State of New York, which in my opinion he was required to do to bring the case within the provisions of the statute. The affidavit of the vice-president and treasurer of defendant shows that the contract was negotiated, made and executed in the State of New Jersey. There is no denial of this statement.

I am convinced that whatever breach of contract is set forth in the complaint herein is a breach of the contract of December 26, 1916. While defendant is alleged to have declared that contract canceled, there is no claim that the cancellation ever was accepted by plaintiff or recognized as being effective for any purpose. On the contrary, by the second agreement the notice of cancellation was withdrawn and it was mutually agreed that the original contract was still in full force and effect and should so remain. The only effect of the second agreement was to suspend or modify the operation of the original agreement in certain specified particulars until plaintiff ceased to be in the army. It was not a new, distinct and complete contract superseded in the original agreement, but only a temporary and limited agreement to meet a temporary emergency. When plaintiff so ceased to be in the army, the original agreement again became operative, binding and effective in every particular. The date of the happening of this event was June 4, 1919, and thereupon the original agreement at once became operative. At defendant's request, and by mutual agreement, the date of the resumption of plaintiff's employment pursuant to the original agreement was postponed to July 1, 1919. On that date, then, the agreement of December 26, 1916, became completely operative. There is no allegation that defendant then prevented in any way the resumption of the original agreement or then refused to recognize plaintiff as its sales manager, or in any way breached either agreement. The attempted suspension of plaintiff did not occur until July 10, 1919, and defendant's final refusal to carry out its contract

with him did not take place until July 22, 1919, both events happening after July 1, 1919, when the agreement of December 26, 1918, had become in all respects operative and binding on both parties.

The action being brought for a liability occurring under the agreement made on December 26, 1916, and it not being alleged or proven that such agreement was made in the State of New York while defendant was authorized to do business in this State, but on the contrary it appearing that the contract was made in the State of New Jersey, the requirements of the statute have not been met and service of the summons upon the Secretary of State of New York was not validly made. The motion to set aside the service of the summons should have been granted.

The order appealed from will be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, PAGE and MERRELL, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.