## MAITLAND v. C. D. MALLORY & CO., Inc., et al.

District Court, S. D. New York.

May 22, 1941.

Haight, Griffin, Deming & Gardner, of New York City, (David L. Corbin, of New York City, of counsel), for plaintiff.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Raymond Parker, of New York City, of counsel), for defendants.

MANDELBAUM, District Judge.

Defendants have moved for dismissal of the complaint on the ground of improper venue. This is an action at law under the Jones Act, 46 U.S.C.A. § 688. It is provided therein that such an action must be brought in the district where the employer has its residence or principal office.

Mallory & Co., one of the defendants, has conceded that the motion must be denied as to it, and has agreed that the venue, insofar as it is concerned, is properly in this district. See Neirbo Co. v. Bethlehem Shipbuilding Corporation, 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437 and Bennett v. Standard Oil Co., D.C., 33 F.Supp. 871.

The other two defendants contend for dismissal as to them for the reason that, at the time this action was begun, they neither resided or had their principal offices in this district. It appears that these defendants, Boat Owning & Operating Co. and Swiftsure S. S. Co., were created pursuant to the laws of Delaware and had their principal offices there; that they were dissolved in 1938 and 1940 respectively (prior to service of process herein); and that at no time since did they either reside or have their principal offices here. It is urged that they have no offices at all.

In opposition, plaintiff asserts that since the respective dissolutions referred to, these defendants have been listed in various shipping registers as having their offices within this district. Such listings reveal that the stated address of these defendants is in Manhattan, % of defendant, Mallory.

 Plaintiff argues that the venue provisions of the Jones Act do not apply to dissolved corporations; that even if this action could not have been commenced in

this district before dissolution because of these provisions, nevertheless now that the companies have been dissolved and exist only for the purpose of winding up, suit can be commenced in any district in which service upon the companies can be made. The Neirbo case is cited as authority.

I cannot agree with plaintiff's contention. It is conceded that these defendants ceased to exist as corporations in 1938 and 1940, respectively, except for the limited purpose of winding up their affairs, including the defense of lawsuits, Delaware Corporation Laws, Sec. 42, Rev. Code Del.1935, § 2074. It is not disputed by plaintiff that these defendants, before dissolution, had their principal offices and residences in Delaware, the state of their creation. Although not in the affidavits, it is stated in defendants' brief that these defendants never consented to be sued in this state and had no designee here upon whom service of process could be made. Those statements stand uncontradicted.

There is nothing in the Neirbo case, as I read it, to support plaintiff's argument. The doctrine of that decision is, simply, that venue, being a personal privilege, could be waived; and that a foreign corporation, which has filed a certificate of doing business in another state and designated a person to receive process, is deemed to have waived its privilege and consents to be sued therein. The most that can be made of that decision is that a foreign corporation's waiver and consent may be inferred from its conduct, and that such a filing and designation will be so construed. To agree with the plaintiff herein would be to extend without warrant the doctrine enunciated by the Supreme Court.

The mere fact that these defendants have been listed in certain directories as having an address in this district does not establish that their principal offices are here. Nor is it significant that an officer of these dissolved corporations has been served here with process directed to them. We may assume that such service has been effective because of defendants' failure to object to it. But it is not reasonable to construe this failure to be an admission that this is the proper district for suit.

From the record before me, it is manifest that before dissolution the residence and principal offices of these defendants were in Delaware. A state of things once shown to exist is presumed to continue until the contrary is demonstrated. It has not been shown that the *principal offices* are no longer in that state.

There is no merit in plaintiff's argument that the venue provisions of the Jones Act do not apply to dissolved corporations. As stated by the court in the Neirbo case, the laws of venue are for the convenience of litigants. There seems to me to be as much reason to consider the convenience of corporations, dissolved and in the process of winding up, as of those which continue in business.

The motion as to defendant Mallory & Co. is denied, but in all other respects it is granted.

Settle order.