ARNEY v. CENTRAL ELECTRIC & GAS CO.

No. 1464.

District Court, D. Minnesota, Fourth Division.

July 5, 1946.

Boyce, Warren & Fairbank, of Sioux Falls, S. D., and Fowler, Youngquist, Furber, Taney & Johnson, of Minneapolis, Minn., for the motion.

George W. Colburn, of Minneapolis, Minn., and John Edmund Burke, of St. Paul, Minn., opposed.

NORDBYE, District Judge.

It is urged that there is no jurisdiction because the cause of action arose in the State of South Dakota; that the defendant is a foreign corporation doing business in the State of Minnesota and service upon it was obtained by serving its agent appointed in compliance with the foreign corporation law of this State. Minn.St.1941, § 303.01 et seq. It is contended that jurisdiction, therefore, was not obtained when the cause of action arose in a State other than the State of Minnesota. Defendant also contends that the dismissal should be granted because its agent resides in the Second Division of the District and that it does not do any business in the Fourth Division, the venue of this action.

The jurisdiction of this Court is not invoked on diversity of citizenship, but on Section 16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 216(b). Section 112, Title 28 U.S.C.A., provides: " * * * no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant. * * *"

■ Defendant is a Delaware corporation with its principal place of business in the State of South Dakota. It is doing business in this State and has appointed an agent upon whom service of process may be made in accordance with the requirements of the Minnesota statutes. It is now definitely settled (Neirbo Co. v. Bethlehem Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437) that where a foreign corporation, as a condition of doing business within the State, appoints an agent

upon whom service of process may be made, it has thereby given effective consent to be sued not only in the State Courts of that State, but in the Federal Courts therein as well. In other words, the requirement of Section 112, Title 28 U.S.C.A., that where jurisdiction is founded on grounds other than diversity, suit must be brought against the defendant in the district whereof he is an inhabitant, is satisfied by the designation by a foreign corporation of an agent for service of process in conformity with the laws of the State in which the suit is instituted. The consent to be sued in the State is construed to be a waiver of the requirement of this venue statute. The Supreme Court did not, however, repudiate the rule that a corporation is a citizen and resident of the State of its incorporation, but rested its decision on the fact that venue is a privilege; that it can be surrendered and waived; and that by voluntarily designating an agent for the service of process in a State, it has consented to be sued in that State. It seems clear, therefore, that the defendant herein by its voluntary act has consented to be sued in the Federal Courts of this State and the jurisdiction of this Court has been properly invoked.

■ But defendant urges that the cause of action arose in a State other than Minnesota and service of process in any proceeding on its agent herein must relate to business and transactions of the corporation within the State of Minnesota. It points out that this is an action for the recovery of overtime compensation, liquidated damages and attorneys' fees growing out of services performed by plaintiff for the defendant wholly outside the State of Minnesota. It relies on the well-known cases of Simon v. Southern Railway Co., 236 U.S. 115, 35 S.Ct. 255, 59 L.Ed. 492; Old Wayne Mut. Life Ass'n v. McDonough, 204 U.S. 8, 27 S.Ct. 236, 51 L.Ed. 345; Mitchell Furniture Co. v. Selden Breck Co., 257 U.S. 213, 42 S.Ct. 84, 66 L.Ed. 201; Louisville & N. R. Co. v. Chatters, 279 U.S. 320, 49 S.Ct. 329, 73 L.Ed. 711. But the court in these cases in applying the limited interpretation to the scope of the agency growing out of the appointment of an agent by a foreign corporation upon whom service of process could be made and to the effect of a foreign

corporation's doing business within the State where the action was lodged, recognized that local law might justify a broader interpretation of the scope of the agency and to the effect of doing business within the State. In appointing its agent in the State for the service of process, defendant impliedly consents to the interpretation placed upon it by the courts of that State. Pennsylvania Fire Ins. ·Co. v. Gold Issue Mining Co., 243 U.S. 93, 37 S.Ct. 344, 61 L.Ed. 610. Minnesota follows the majority rule that the mere fact that the cause of action arose or the transaction giving rise to it occurred beyond the territorial limits of the State does not prevent effective service of process upon the duly appointed agent of the foreign corporation under the State statute. 96 A.L.R. 366. The Supreme Court of Minnesota in Erving v. Chicago & N. W. Railway, 171 Minn. 87, 214 N.W. 12, announced its holding as follows: "The established policy in this state permits the suing of transitory actions, against foreign corporations, regardless of the place where the cause of action arose, if they may be reached by process."

The defendant in the Erving case was a foreign corporation and had complied with the Minnesota statutes by appointing an agent upon whom service could be made. In that particular case, service had been effected upon the duly appointed agent of the railway company. Defendant herein does business in this State and was conducting its business in this State as a foreign corporation when service was made herein upon the agent it appointed as a condition of its right to do business herein. Under the doctrine, therefore, of the Neirbo case and the construction of the Minnesota courts as to the scope of the agency created by the appointment of an agent by a foreign corporation upon whom service of process may be made, the jurisdiction of this Court over the subject matter and the person of the defendant is fully sustained.

■ In support of its motion to dismiss on the grounds that the action was commenced in the wrong division, defendant refers to Section 114, Title 28 U.S.C.A., which provides that: "When a district contains more than one division, every suit not of a local nature against a single defendant must be brought in the division where he resides." The showing herein indicates that the defendant does not do any business in the Fourth Division of this State, but only in the Second and Third Divisions, and that its agent upon whom service of process was made resides in the Second Division. It is contended, therefore, that it has not been sued in the proper venue and the action should be dismissed. But, it is to be doubted that the venue statute referred to can avail this defendant under the circumstances herein. The defendant is a foreign corporation. It is not a resident of Minnesota and does not reside herein within the meaning of the venue statute. The Neirbo decision has not changed the universally recognized rule that a corporation is a resident and citizen of the State of its incorporation. Certainly, it cannot be said that defendant resides in the Second Division merely because its agent resides there. This view was urged on the court in Anderson v. Standard Accident Ins. Co., D.C., 36 F.Supp. 7. In that case, it was contended that the foreign corporation had the same domicile as the Secretary of the State, in that this officer was its agent for the service of process. The court disposed of that contention by stating (page 10 of 36 F.Supp.): "Notwithstanding the appointment of a local agent for the service of process upon a foreign corporation, its domicile remains unchanged, and it is still a foreign corporation with but one original domicile located in the State of its incorporation."

■ The view that a foreign corporation does not reside in the district within the meaning of the venue statute referred to finds support in Sartor v. Arkansas Natural Gas Co., D.C., 7 F.Supp. 1016; Reich v. Tennessee Copper Co., D.C., 209. F. 880; Dehne v. Hillman Investment Co., 3 Cir., 110 F.2d 456; McCullough v. United Grocers' Corp., D.C., 247 F. 880. Although it probably is not controlling herein, it may be pointed out that, under the Minnesota statute, a foreign corporation may be sued in any county in the State which plaintiff shall designate. Section 542.09, Minnesota Statutes 1941. The institution of the action in the Fourth Division, therefore, is in full accord with the scope of the agency which

404

defendant created when it appointed its agent in this State. The showing herein does not even attempt to establish that it will be more inconvenient for the defendant to defend this action in the Fourth Division than in the Second or Third Divisions. The motion to dismiss on the ground of an improper division venue is without merit.

The Court concludes, therefore, that the motion to quash service and to dismiss must be in all things denied, and the defendant is required to file its answer herein within 10 days after the date of this order. It is so ordered.

An exception is allowed to the defendant.