CARLTON PROPERTIES, INC., Plaintiff, *v.* 328 PROPERTIES, INC., et al., Defendants.

Supreme Court, Special Term, Nassau County, June 16, 1955.

*Heller & Grossman* for plaintiff.

*Robert J. Blum* for Enterprise Land Corp., defendant, appearing specially.

RITCHIE, J. Plaintiff brings this action against the defendants for a judgment directing specific performance of a contract entered into between plaintiff and defendant 328 Properties, Inc., and setting aside assignments of bonds and mortgages and conveyances of real property made by 328 Properties, Inc., to defendant Enterprise Land Corp. pursuant to an alleged conspiracy to defraud plaintiff. The assignments and conveyances transferred title to bonds and mortgages and real property which were the subject matter of the agreement between plaintiff and 328 Properties, Inc. For the purpose of convenience the defendant 328 Properties, Inc., will hereinafter be referred to as " 328 " and the defendant Enterprise Land Corp. as " Enterprise."

328 is a New York corporation. Enterprise is a Nevada corporation. On August 30, 1954, Enterprise applied for and

obtained authority to do business in the State of New York. On November 10, 1954, Enterprise pursuant to section 216 of the General Corporation Law, filed a certificate of surrender of authority to do business in this State. As required by the section, Enterprise consented that any process in an action instituted against it upon any liability or obligation incurred in the State of New York before the filing of the certificate of surrender, after the filing thereof, may be made upon the Secretary of State. The summons and complaint in the instant action was served upon a deputy secretary of state on November 17, 1954. On this motion the defendant Enterprise seeks an order vacating and setting aside such service upon the ground that this court has no jurisdiction in personam. In support of its application Enterprise contends that the action is not predicated upon any liability or obligation incurred within this State since the assignments and conveyances alleged to have been made in fraud of plaintiff were executed and delivered in the State of Nevada and that the liability or obligation incurred, if any, was incurred in the State of Nevada.

It appears from the papers submitted on this motion that the assignments and conveyances were made during a period when defendant Enterprise was authorized to do business in this State. It follows that during the period in which the assignments and conveyances were made, the defendant Enterprise was subject to the jurisdiction of the courts of this State. The question then presented is whether the wording of section 216 of the General Corporation Law operates to oust this State of jurisdiction when the acts upon which the liability is predicated were committed without the State, although committed at a time when our courts had jurisdiction in personam, if such transactions were had within the State.

The answer to the question involves an interpretation of section 216. If the wording therein " any liability or obligation incurred within this state before the filing of such certificate of surrender " means that the acts out of which the liability or obligation arises *must* have been committed *within* the borders of this State, then our courts have no jurisdiction even though the liability or obligation is to a resident of this State. Such an interpretation is to infer that the section was intended to oust our courts of jurisdiction to adjudicate controversies arising out of transactions involving foreign corporations authorized to engage in business here and residents of this State because such transactions were not had in this State. I do not so read the section. Certainly if the action were instituted on

an obligation or liability arising while the certificate of authority was current, then the situs of the transactions would have no effect upon the rights of our courts to adjudicate differences arising therefrom. I interpret the statute to extend the jurisdiction of our courts to adjudicate controversies involving foreign corporations and citizens of this State, regardless of the situs of the transactions, providing they occurred during the period the corporation was licensed to do business in this State. A different interpretation might be placed on section 216 if the plaintiff were a nonresident of this State. In such case, it would be obviously inequitable to compel a foreign corporation to submit to our jurisdiction in an action instituted by another foreign corporation or nonresident when the cause of action arose outside of this State. But the phrases "cause of action" and "incurring liability or obligation" are not synonymous. A liability or obligation to a person and his right of recovery thereon accrue to his benefit wherever he may reside regardless of the situs of the acts or transactions out of which such right of recovery arises. In some instances the forum of enforcement may be one of his choice, which may be conferred by statute such as in the instant action where under the circumstances this court finds that jurisdiction is retained in courts of this State.

The motion is denied.