SUNBURY WIRE ROPE MANUFAC-
TURING COMPANY, Plaintiff,

v.

UNITED STATES STEEL CORPORA-
TION et al., Defendants.

Civ. A. No. 16933.

United States District Court
E. D. Pennsylvania.

July 15, 1955.

**14**

See also 129 F.Supp. 425.

Earl G. Harrison, Edward W. Mullinix, of Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for plaintiff.

H. Francis DeLone, of Barnes, Dechert, Price, Myers & Rhoads, Philadelphia, Pa., for John A. Roebling's Sons Corp.

GRIM, District Judge.

The Roebling Securities Corporation seeks dismissal of this antitrust action as to it on the ground of improper venue. Roebling, a New Jersey corporation, had been licensed to do business in Pennsylvania, with its registered office in Philadelphia. Several months before being served with process in the present action Roebling obtained a certificate of withdrawal from Pennsylvania, thus revoking its license to do business in this state. Roebling has done no business in Pennsylvania since 1952, two years before this action was brought.

Under these circumstances neither the special venue requirements of the Clayton Act [1] nor the general venue requirements of the United States Code [2] have been satisfied. However, in its application for withdrawal Roebling consented, as required by Section 1015 of the Penn-

1. 15 U.S.C. § 22.
2. 28 U.S.C. § 1391(c); see Lipp v. National Screen Service Corp., D.C.E.D.Pa. 1950, 95 F.Supp. 66.

sylvania Business Corporation Law, 15 P.S.Pa. § 2852–1015, that:

" * * * lawful process against it in any action or proceeding upon any liability or obligation incurred within the Commonwealth of Pennsylvania before the issuance of the certificate of withdrawal hereby applied for may be served upon the Secretary of the Commonwealth of Pennsylvania after the issuance of such certificate of withdrawal."

The question to be determined is whether Roebling has waived its right to object to improper venue because of its limited appointment of the Secretary of the Commonwealth to receive process on its behalf after issuance of the certificate of withdrawal.

Neirbo Co. v. Bethlehem Shipbuilding Corp., 1939, 308 U.S. 165, 60 S.Ct. 153, 128 A.L.R. 1437, held that a foreign corporation had consented to be sued in the federal court in New York and had waived its right to object to improper venue in a diversity case by reason of its appointment of the Secretary of State of New York as its agent for service of process. Roebling contends that the Neirbo rule does not control the present case because a consent to be sued pursuant to state law cannot be a consent to be sued in a federal court on a cause of action under the antitrust laws which is within the exclusive jurisdiction of the federal courts.[3] For purposes of the present motion, however, we shall assume the Neirbo rule to be applicable to the present case.

Roebling's second contention is that in its application for withdrawal its consent to be subject to substituted service of "lawful process against it in any action or proceeding upon any liability or obligation incurred within the Commonwealth of Pennsylvania before the issuance of the certificate of withdrawal"[4] includes only suits on causes of action arising out of acts done by Roebling within Pennsylvania prior to withdrawal. Roebling has failed to produce any evidence in support of its contention and therefore has failed to sustain its burden of showing that no acts giving rise to a cause of action were done by it in Pennsylvania prior to withdrawal. For this reason Roebling's second contention is overruled.[5]

Roebling's final contention is that its consent to be sued in a state court under Section 1015 of the Business Corporation Law is limited to the county in which the cause of action arose and that therefore its consent to be sued in a federal district court is limited to the federal district which includes the county in which the cause of action arose.

A cause of action under the antitrust laws arises at the place where plaintiff suffered the damage. Electric Theater Co. v. Twentieth Century-Fox Film Corp., D.C.W.D.Mo.1953, 113 F.Supp. 937; Aero Sales Co. v. Columbia Steel Co., D.C.N.D.Cal.1954, 119 F.Supp. 693; Seaboard Terminals Corp. v. Standard Oil Co., D.C.S.D.N.Y.1938, 24 F.Supp. 1018, 1020, affirmed per curiam, 2 Cir., 1939, 104 F.2d 659. In the Electric

3. See, e. g., Roger v. A. H. Bull & Co., Inc., 2 Cir., 1948, 170 F.2d 664; 3 Moore's Federal Practice, par. 19.04 [3], pp. 2131–2132.

4. Section 1015 of the Pennsylvania Business Corporation Law, 15 P.S. § 2852–1015. In its application for a certificate of authority Roebling, pursuant to 15 P.S. § 2852–1004(6), agreed that "service of process upon the Secretary of the Commonwealth shall be of the same legal force and validity as if served on the corporation, and that the authority for such service of process shall continue in force as long as any liability remains outstanding against the corporation in this Commonwealth." The same language appears in Section 2852–1011, which deals with service of process against a foreign corporation upon the Secretary of the Commonwealth.

5. Furthermore, it is doubtful that the phrase "any liability or obligation incurred" is limited in meaning to causes of action based on acts done by Roebling within Pennsylvania. Cf. Carlton Properties, Inc., v. 328 Properties, Inc., Sup., 143 N.Y.S.2d 140.

Theater case the court relied on 15 U.S. C. § 15, which gives a private right of action to any person "injured in his business or property" as a result of a violation of the antitrust laws. Judge Ridge said, 113 F.Supp. at page 940:

"Since, therefore, plaintiff's private right of action necessarily accrued when, and only when, it was injured in its business or property, *it follows that the right of action here asserted 'originated' where said business or property was located, viz., in Kansas.* Even though proof of conspiracy is a fundamental burden which plaintiff must assume, the fact that such conspiracy, if true, took place outside of Kansas does not preclude a finding that plaintiff's cause of action originated in Kansas. Plaintiff's cause of action is not derived from the mere conspiracy charged, but from the damage proximately resulting therefrom." (Emphasis supplied.)

In its complaint in the present case plaintiff claims as damages the total loss of the value of its business together with a loss of profits. These losses occurred in Sunbury, Pennsylvania, within Northumberland County. Hence the cause of action asserted herein arose in the Middle District of Pennsylvania which includes Northumberland County.

Roebling points out that under Pennsylvania Law venue of actions against foreign corporations is governed by Rule 2179 of the Rules of Civil Procedure, 12 P.S.Appendix, and section 1011 of the Business Corporation Law, 15 P.S. § 2852–1011. Rule 2179 provides in part:

"(a) Except as otherwise provided by an Act of Assembly * * *, a personal action against a corporation * * * may be brought in and only in

"(1) the county where its registered office or principal place of business is located; or

"(2) a county where it regularly conducts business."

Because Roebling has had no registered office in Pennsylvania since issuance of the certificate of withdrawal and has done no business here since two years before this suit was started, there is no county (or federal district) in Pennsylvania where venue of the present action would be proper under Rule 2179.

Section 1011 of the Business Corporation Law provides in part:

"A. Service of process against a qualified foreign business corporation, upon the Secretary of the Commonwealth, shall be made by the sheriff of Dauphin County by leaving the fee the plaintiff is required by law to pay to the Secretary of the Commonwealth for this service, and two copies of the process at the office of the Secretary of the Commonwealth. * * * Such process may be issued by any court, magistrate, or justice of the peace having jurisdiction of the subject matter of the controversy in any county of the Commonwealth in which the corporation shall have its registered office, or in the county in which the right of action arose. * * * Where process is issued against any such foreign business corporation by any court of the United States empowered to issue such process under the laws of the United States, the Secretary of the Commonwealth is authorized to receive such process in the same manner as herein provided for process issued by courts of this Commonwealth."

Since Roebling had no registered office within Pennsylvania after issuance of the certificate of withdrawal and since its right of action arose in the Middle District of Pennsylvania, Roebling's waiver of federal venue is limited to the Middle District of Pennsylvania. It has not waived improper federal venue in the Eastern District of Pennsylvania.

This precise question was before the District Court for the Western District of Missouri in Bird v. J. M. Farrin & Co., D.C.1945, 4 F.R.D. 257, a Fair Labor Standards Act case. There defendant, an Illinois corporation, in procuring a license to do business in Missouri established and maintained a "registered office" at St. Louis, Missouri (in the Eastern District of Missouri) and appointed a "registered agent" whose business office was identical with its "registered office." Suit was brought in the Western District of Missouri. Domestic corporations and foreign corporations alike are amenable to suit under the Missouri law only in the county where the cause of action accrued or in the county where such corporations have an office or agent for the transaction of their usual and customary business. The cause of action did not accrue in the Western District and there was no office or agent of the defendant in the Western District. The Court held that under these facts and under Missouri law defendant had not consented to venue in the Western District where the action was brought.

The Bird case is directly on point and will be followed in the present case. It should be noted moreover that Roebling's consent to be sued is even more limited than was the consent in the Bird case, since Roebling in obtaining a certificate of withdrawal in effect revoked its consent to be sued in the county where its registered office was located and restricted its consent to venue in the county (and federal district) in which the cause of action arose.

The rule followed in the Bird case is clearly stated in 3 Moore's Federal Practice (2d Ed. 1953), Par. 19.04 at page 2127:

" * * * if the defendant's consent to be sued is not state-wide, and the state contains two or more federal districts, then there is a waiver only as to a suit in the federal district court embracing the geographical area of the state where the defendant consented to be sued.

The result is, of course, otherwise where the consent is state-wide, and the defendant can be sued in any federal district court of the state."

Plaintiff points to the inconvenience resulting from limiting waiver of venue in accordance with this rather technical rule. This, however, is a problem to be resolved by the Legislature or Congress and not by the courts.

For the foregoing reasons, the motion of the Roebling Securities Corporation to dismiss this action as to it for improper venue will be granted.