Manuel ANTONANA, Plaintiff,

v.

ORE STEAMSHIP CORPORATION and Ore Navigation Corporation, Defendants.

United States District Court
S. D. New York.

Sept. 19, 1956.

George J. Engelman, New York City, for plaintiff.

Mendes & Mount, New York City, for Ore S. S. Corp., Daniel Huttenbrauch, New York City, of counsel.

PALMIERI, District Judge.

This is a seaman's action for damages under the Jones Act, 46 U.S.C.A. § 688, and for maintenance and cure. The plaintiff is presently hospitalized in New York. He commenced this action on December 29, 1955 by serving the New York Secretary of State, who was designated as statutory agent pursuant to General Corporation Law, McK.Consol. Laws, c. 23, § 216 for receiving service of process.[1] The defendant Ore Steamship Corporation has moved to set aside service of the summons and to dismiss the complaint against it on the ground that as a dissolved Delaware corporation, no longer doing business in New York, it was not subject to suit in this jurisdiction on a cause of action which arose outside the state. Thus, the defendant argues, section 216 is not applicable.

The affidavits of the parties establish that the injury for which this action is brought occurred in July, 1953, while plaintiff was aboard ship at or near Maryland in the employ of the defendant Ore Steamship Corporation. The contract of employment had been made in Baltimore. At the time, however, the Ore Steamship Corporation maintained offices at 25 Broadway, New York City, where it was licensed to do business under New York law. Plaintiff's affidavit states that when he applied, after his accident, for maintenance and cure in the Baltimore office, he was advised that that office dealt with employment only and that he should direct his application to the New York office. Thereupon, he went to the New York office and was paid an undisclosed amount, apparently for what was then due him. Subsequently, on December 21, 1953, the Ore Steamship Corporation executed and filed a surrender of its authority to do business in New York pursuant to section 216 of the General Corporation Law. On December 28, 1953, it filed a certificate of dissolution in the office of the Secretary of State of Delaware.

The court of the district in which the defendant employer resides or in which his principal office is located has jurisdiction of actions under the Jones Act. 38 Stat. 1185 (1915), as amended, 41 Stat. 1007 (1920), 46 U.S.C. 688 (1952), 46 U.S.C.A. § 688. Since the defendant is neither doing business nor incorporated in New York, Smith v. Hydro Gas Co. of West Florida, 5 Cir., 157 F.2d 809, certiorari denied, 1946, 330 U.S. 844, 67 S.Ct. 1084, 91 L.Ed. 1289, this provision is not directly applicable. Maitland v. C. D. Mallory & Co., D.C.S.D. N.Y. 1941, 40 F.Supp. 522 (provision applicable to dissolved as well as active corporations); see Note, Doing Business as a Test of Venue and Jurisdiction over

---

1. Section 216 provides as follows:

"1. A foreign corporation, other than a moneyed corporation, having authority to do business in this state, may surrender such authority by filing in the department of state a certificate in its corporate name, signed and acknowledged by its president, a vice-president, or its secretary, treasurer, managing director or attorney in fact, stating:

  *   *   *   *   *

"e. That it consents that process against it in an action or proceeding upon any liability or obligation incurred within this state before the filing of the certificate of surrender of authority, after the filing thereof, may be served upon the secretary of state.

  *   *   *   *   *

"2. On the filing of such certificate, the authority of the corporation to do business within this state shall cease and determine, and no such corporation doing business in this state after the filing of such certificate of surrender of authority shall maintain any action in this state upon any contract made by it in this state subsequent to the filing of such certificate of surrender of authority. The filing of such certificate shall not, however, affect any action pending at the time of such surrender, or affect any right of action upon any contract made by the corporation in the state before the filing of the certificate of surrender of authority. Process against the corporation in an action upon any liability or obligation incurred within this state before the filing of such certificate of surrender of authority may be served, after the filing thereof, upon the secretary of state. As amended L.1937, c. 30, eff. Feb. 24, 1937."

Foreign Corporations in the Federal Courts, 56 Col.L.Rev. 394, 412–13 (1956). However, it is possible for defendant to waive his rights under this venue requirement and consent to be sued. Panama R. Co. v. Johnson, 1924, 264 U.S. 375, 44 S.Ct. 391, 68 L.Ed. 748. Proof that the defendant consented to be sued in the courts of this state for claims such as the one here, would establish a waiver of the governing federal venue provision. Oklahoma Packing Co. v. Oklahoma Gas & Electric Co., 309 U.S. 4, 60 S.Ct. 215, 84 L.Ed. 537, rehearing denied, 1940, 309 U.S. 693, 60 S.Ct. 465, 84 L.Ed. 1034; Neirbo Co. v. Bethlehem Shipbuilding Corp., 1939, 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167; Arney v. Central Electric & Gas Co., D.C.D.Minn. 1946, 66 F.Supp. 401; Beard v. Continental Oil Co., D.C.E.D.La.1941, 42 F. Supp. 310; Bennett v. Standard Oil Co. of New Jersey, D.C.D.Md. 1940, 33 F. Supp. 871. Plaintiff contends that defendant gave such consent by complying with section 216 of the General Corporation Law upon surrender of its authority to do business in New York. Concededly, the statute imports by its terms consent to be sued in the New York courts. The scope of that consent, and specifically, whether it extends to the present action, is at issue here.

Section 216 provides that upon surrendering authority to do business in New York, a corporation must consent that:

"process against it in an action or proceeding upon any liability or obligation incurred within this state before the filing of the certificate of surrender of authority, after the filing thereof, may be served upon the secretary of state." New York General Corporation Law, McK.Consol. Laws, c. 23, § 216(1) (e). See also § 216(2).

Defendant contends that the consent to be sued expressed therein is confined to causes of action arising within the State of New York. The causes of action which so arise, the defendant suggests, are determined by the same inquiry which determines choice of the applicable law in conflicts of laws. Since the plaintiff incurred his injuries in question outside the state, and since the obligation to pay damages, if any, was incident to an employment contract signed in Maryland, defendant argues that any waiver of its venue privilege inferable from conceded compliance with section 216 does not extend to the present action.

It has been held that where federal venue is predicated upon waiver through compliance with state law the scope of the consent is circumscribed by the terms of the statute. See North Butte Mining Co. v. Tripp, 9 Cir., 1942, 128 F.2d 588. And the statute should be construed with reference to its interpretation by the courts of the state in question. Sunshine v. Southland Cotton Oil Co., D.C.W.D.La.1947, 74 F.Supp. 228; Arney v. Central Electric & Gas Co., D.C.D.Minn.1946, 66 F.Supp. 401; see Note, Doing Business as a Test of Venue and Jurisdiction over Foreign Corporations in the Federal Courts, 56 Col. L.Rev. 394, 396 (1956). The New York courts have never interpreted the disputed clause of section 216(1) (e) in a case precisely of this nature.[2] Interpretation of section 216(1) (e) in the state courts, as well as in this Circuit, has been concerned primarily with stockholders' derivative suits predicated upon misconduct which occurred outside the state. Uniformly, these cases have held that the place where the wrongful acts occur is immaterial. The stockholders' suits are based upon the failure of the corporations to take measure against the wrong-

---

2. This Court has had occasion to consider the propriety of a seaman's action against a dissolved Delaware corporation which had maintained business offices in New York. Maitland v. C. D. Mallory & Co., D.C.S.D.N.Y.1941, 40 F.Supp. 522. In that case, however, although the venue provision of the Jones Act was held to bar service on a resident officer of the corporation, there was no evidence that the defendant ever had registered to do business in the state. Consequently, the effect of a surrender pursuant to section 216 was not before the Court.

doers. Therefore, the actions fall within section 216(1) (e) as long as the corporations could have enforced their rights against the wrongdoers in the courts of this state. Spielberger v. Textron Incorporated, 2 Cir., 1949, 172 F.2d 85; Thorne v. Brand, 1938, 277 N.Y. 212, 14 N.E.2d 42; Devlin v. Webster, Sup. 1946, 188 Misc. 891, 66 N.Y.S.2d 464, affirmed 1st Dept.1947, 272 App.Div. 793, 71 N.Y.S.2d 706; Lissauer v. Brown, Sup., 86 N.Y.S.2d 35, affirmed 1st Dept. 1941, 262 App.Div. 723, 28 N.Y.S.2d 722; Druckerman v. Harbord, Sup.1940, 174 Misc. 1077, 22 N.Y.S.2d 595.

Defendant would seek to negate the inference from these derivative suit cases of a liberal interpretation, quite distinct from ordinary conflicts of laws doctrine, of "liability or obligation incurred within this state" by relying on a 1920 case decided by the Appellate Division involving a corporation which had surrendered its authority to do business in this state. Hexter v. Day-Elder Motors Corp., 1st Dept.1920, 192 App.Div. 394, 182 N.Y.S. 717. In this case, the court dismissed an action for breach of a contract for New York employment on the ground that the contract had not been made in this state. The statutory authority for this result, however, did not seem to be what is now section 216(1) (e) and the third sentence of section 216 (2), which refer to liabilities incurred within the state, but rather to what is now the second sentence of section 216 (a), which states that surrender of authority to do business shall not affect any right of action upon any *contract made* by the corporation in the state. See footnote 1.

This argument by defendant appears to have little force. A different statutory provision was involved in the Hexter case, and the derivative suit cases coming after this decision suggest that it is now obsolete.[3] Moreover, a recent case has come to a conclusion completely inconsistent with that of the Hexter case. Carlton Properties, Inc., v. 328 Properties, Inc., Sup.1955, 208 Misc. 776, 143 N.Y.S.2d 140. Here a New York corporation assigned intangibles and realty to a Nevada corporation, the assignments being made in Nevada. The plaintiff, a third corporation, alleged that the assignments were fraudulent against it and proceeded in New York against the Nevada corporation by serving the New York Secretary of State. The Nevada corporation, pursuant to section 216, had surrendered its authority to do business in New York subsequent to the assignments. The court held that the place where the contract was made was irrelevant in determining the propriety of suit under section 216. The crucial factor, at least where the plaintiff was a local resident, was that the corporation was doing business in New York at the time the transactions occurred and would have been subject to suit in New York courts at the time the liability arose. See also Sunbury Wire Rope Mfg. Co. v. United States Steel Corp., D.C.E.D.Pa.1955, 18 F.R.D. 13, 15 note 5 reversed on other grounds, 3 Cir., 1956, 230 F.2d 511.

The Carlton case represents the most recent holding on the point in issue and appears to be in accord with the derivative suit decisions of the Federal and State Courts in New York. The 1920 decision, the Hexter case, was the ruling not of the state's highest court but of the intermediate Appellate Division and seems out of line with the recent New York trend. Since the New York cases suggest the answer, without clearly providing a definition of what is meant by "liability incurred within the state," I think I may advert to the policy underlying the passage of section 216 as an aid to its interpretation. Cf. Spielberger v. Textron Incorporated, supra; Cooper v. American Airlines, Inc., 2 Cir., 1945, 149 F.2d 355, 162 A.L.R. 318.

---

3. Nevertheless, the assumption was reiterated in an opinion on another question in Sarasohn v. Andrew Jergens Co., Sup.1943, 45 N.Y.S.2d 888. See also Cappello v. Union Carbide & Carbon Corp., 4th Dept.1950, 276 App.Div. 277, 95 N.Y.S.2d 36.

When a foreign corporation is licensed to do business in New York, it consents to be sued on causes of action arising within and without the state. New York General Corporation Law, § 210; Bagdon v. Philadelphia & Reading C. & I. Co., 1916, 217 N.Y. 432, 111 N.E. 1075, L.R.A.1916F, 407. Section 216 indicates that such corporations are not to be permitted, merely by surrendering this license, to escape local processes for enforcement of liabilities previously incurred. While it would be unnecessary and perhaps unfair for the state courts to assert jurisdiction over disputes having no relation to the local activities of their erstwhile visitor, it would be equally unfair if a corporation, merely by surrendering its license, could escape local processes for enforcement of liabilities previously incurred on transactions related to the New York base of operations. See Carlton Properties, Inc., v. 328 Properties, Inc., supra.

This is the position which seems to have been adopted by the United States Supreme Court in interpreting similar language in the law of Ohio. Robert Mitchell Furniture Co. v. Selden Breck Constr. Co., 1921, 257 U.S. 213, 42 S.Ct. 84, 85, 66 L.Ed. 201. That law, which had not been interpreted by the Ohio courts, also referred to " 'liability incurred within [the] State.' " The case concerned an action for breach of contract. The place where the contract had been made was uncertain, but it was clear that it was to have been performed outside the state. At the time suit was brought, the foreign corporation's contacts in the state of the forum were minimal. In affirming a judgment of dismissal for lack of jurisdiction over the foreign corporation, the Court reasoned as follows:

"Unless the state law either expressly or by local construction gives to the appointment a larger scope, we should not construe it to extend to suits in respect of *business transacted by the foreign corporation elsewhere,* at least if begun, as this was, when the long previous appointment

of the agent is the only ground for imputing to the defendant an even technical presence." Supra, 257 U.S. at page 216, 42 S.Ct. at page 85. (Italics supplied.)

In a similar case, the Supreme Court reiterated its approval of a construction which would exclude from the operation of such agency statutes "causes of action not arising *in the business done by them in the state.*" Missouri Pac. R. Co. v. Clarendon Boat Oar Co., 1922, 257 U.S. 533, 535, 42 S.Ct. 210, 211, 66 L.Ed. 354 (italics supplied). See also Sunbury Wire Rope Mfg. Co. v. United States Steel Corp., 3 Cir., 1956, 230 F.2d 511; Carlisle v. Kelly Pile & Foundation Corp., 3 Cir., 1948, 175 F.2d 414, construing comparable language in a Pennsylvania statute. Thus, the emphasis is not upon the technical situs of the cause of action viewed from the conflicts of laws standpoint. Rather, the question is whether or not the action relates to activities conducted by the corporation in the state while doing business in the state. These are the obligations for which the corporation should continue to respond locally, at least as to residents of the state in question.

So construed, the statute has both applicability and merit in the present case. Defendant has submitted little information indicating the nature or extent of its activities, present or past, in this state or elsewhere. The plaintiff's uncontradicted affidavit suggests that at the time of the injury, defendant's local activities were substantial. By its own advice to the plaintiff, it indicated that the parties with whom he must deal in pursuing his contractual rights were located here. Moreover, the nature of the relationship between the parties precludes attaching undue significance to the place where the contractual arrangements were made. From the seaman's standpoint, the place where he signs on must be largely fortuitous and there is no evidence that defendant's Maryland office was anything more than a local hiring base. Plaintiff is presently a New York resident. Under every

consideration of equity, he should be able to resort to its courts for remedies against those who dealt with him here and led him to believe he should look to them here for the performance of any duties they might owe him. That the duration of their local obligation should be limited only by the time bar governing plaintiff's cause of action against them is no more than just.

The motion is denied. Settle order on notice.