**Bernard L. GREEN and Arthur Barck,**
**Plaintiffs,**

v.

**Rensselaer W. CLARK, William B. Cudlip, Ira A. Moore, Edgar Washburn, Lewis F. Jeffers, W. Ian Mack, Eugene H. Glaettli, Hayes Aircraft Corporation (Delaware), Hayes Aircraft Corporation (Michigan) and United Industrial Corporation, Defendants.**

United States District Court
S. D. New York.
May 14, 1959.

Milton Paulson, New York City, for plaintiffs.

Sullivan & Cromwell, New York City, for Hayes Aircraft Corp., Inzer B. Wyatt, New York City, of counsel.

CASHIN, District Judge.

This is a motion by defendant, Hayes Aircraft Corporation (Delaware) (hereafter "Hayes") [The complaint also speaks of a Hayes Aircraft Corporation (Michigan). Only Hayes Aircraft Corporation (Delaware) is involved in this motion.] for an order, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C., dismissing the complaint as to Hayes because of lack of jurisdiction over the person and because of insufficiency of service of process.

This is a derivative stockholders' suit brought on behalf of United Industrial Corporation (hereafter "United") by stockholders who are non-residents of the State of New York. Jurisdiction is based upon diversity of citizenship. Service of process on Hayes was attempted by serving an authorized agent of Hayes in Alabama, the principal place of business of Hayes, and by serving the secretary of state of New York. Hayes concededly had at one time done business in New York and had filed a designation of the secretary of state as its agent upon whom all process in any action or proceeding against it could be served within this state. General Corporation Law, § 210. There is a dispute as to whether, at the time process was served, Hayes had actually ceased doing business in New York. However, prior to service of process on the secretary of state, Hayes had surrendered its authority to do business within the state and revoked its designation of the secretary

of state as its agent to receive process except in connection with any action or proceeding upon any liability or obligation incurred within the state prior to the filing of the certificate of surrender of authority. General Corporation Law, § 216.

■■■ Service upon Hayes in Alabama can be effective only if the provisions of 28 U.S.C. § 1695 are properly invoked. That section provides as follows:

"§ 1695. Stockholder's derivative action.

"Process in a stockholder's action in behalf of his corporation may be served upon such corporation in any district where it is organized or licensed to do business or is doing business."

The complaint as presently framed demands relief against Hayes and on behalf of United. While it may be true that in a so-called "double derivative" action a corporation may be served under this section even though not the corporation on whose behalf the action is brought. Cf. Steinberg v. Hardy, D.C.Conn.1950, 90 F.Supp. 171. However, as stated above, the complaint reveals only that it is an action on behalf of United and not on behalf of Hayes. Plaintiffs' counsel has informed me that, since the argument of the motion, a motion has been made to amend the complaint so as to state clearly a "double derivative" claim on behalf of Hayes. I will not at all consider the proposed amended complaint on two grounds:

First, because until the amendment has been allowed the amended complaint is no part of the case; and

Second, because it is doubtful that an amendment made subsequently could validate a prior service of process when the validity of the service depends upon allegations made in the amended, but not in the original, complaint.

Accordingly, service upon Hayes in Alabama is invalid. Rule 4(f), Federal Rules of Civil Procedure.

■■ Service of process on Hayes by service upon the secretary of state of New York is attempted to be upheld, in the first instance, on the ground that, although Hayes surrendered its authority to do business and revoked its designation of the secretary of state pursuant to General Corporation Law, § 216, the revocation was ineffective since Hayes actually continued to do business in New York. I will not attempt to decide, on the basis of the affidavits and the interrogatories and answers thereto before me, what activities of Hayes within New York still continued at the time of service of process, or whether those activities constituted "doing business". For the purpose of this motion, I will assume that Hayes was still "doing business" within New York. Despite this assumption I hold that the service of process on the secretary of state was ineffectual as service on Hayes. There are no decided cases in New York to support the proposition contended for by plaintiffs, namely, that "the filing by a foreign corporation with the secretary of state of a certificate of surrender of authority to do business, *without the cessation of such business,* is a fraudulent maneuver from which the foreign corporation can derive no benefit". Nor are there any *contra.* However, by analogy with the law concerning service of process upon foreign corporations actually doing business in New York which had never filed a certificate under General Corporation Law, § 210, the treatment which would be given the instant proposition by the courts of New York can be determined. When service of process on a foreign corporation which has not filed a certificate of authority and designation of the secretary of state as an agent to receive process has been attempted by service upon a secretary of state, such service has been struck down. This result has followed since Section 229 of the New York Civil Practice Act provides that—

"Personal service of the summons upon a foreign corporation must be

made by delivering a copy thereof, within the state, as follows:

\* \* \* \* \* \*

"2. To a person or public officer designated for the purpose pursuant to law by certificate filed in the department of state, \* \* \* whose designation is in force \* \* \*."

Since no designation was ever filed pursuant to General Corporation Law, § 210 the designation could not be "in force". Mid-Continent Petroleum Corporation v. Universal Oil Products Co., Special Term, N. Y. County, 1950, 198 Misc. 1073, 1074, 102 N.Y.S.2d 74; affirmed 1951, 278 App.Div. 564, 102 N.Y. S.2d 451; 7 White, New York Corporations, p. 324. Similarly, in the instant case the designation having been revoked, whether rightly or wrongly, it cannot be "in force" and, therefore, the attempted service on the secretary of state is invalid.

■ Service of process on Hayes by service upon the secretary of state is also attempted to be upheld on the ground that even if Hayes had ceased doing business within the state and the revocation of authority is therefore valid, nevertheless, the liability sued upon is a liability which was incurred within the state before the filing of the certificate of surrender of authority. General Corporation Law § 216, subd. 1, par. e. For this proposition plaintiff cites the cases of Thorne v. Brand, 1938, 277 N.Y. 212, 14 N.E.2d 42, Lissauer v. Brown, Sup.1941, 86 N.Y.S.2d 35; affirmed 262 App.Div. 723, 28 N.Y.S.2d 722 and Devlin v. Webster, Spec.Tm. N.Y.Co., 1946, 188 Misc. 891, 66 N.Y.S. 2d 464. None of these cases, however, is applicable. In each of those cases, all derivative stockholder's suits, the corporation on whose behalf suit was being brought was served by service on the secretary of state after surrender of the certificate of authority. In each of the cases individual defendants were residents of New York. The rationale of these cases was that the nominal plaintiff's cause of action against the corporation on whose behalf suit was brought was based upon the corporation's failure to bring suit against the individual who was a New York resident. This cause of action against the corporation was based upon a liability or obligation incurred in New York since New York was the proper venue for this action regardless of where the underlying liability or obligation, flowing to the corporation from the individual, arose. Accordingly, it was held that the revocation of the secretary of state's designation, pursuant to General Corporation Law, § 216, expressly excepted from its operation the derivative stockholder's suit. Here, as shown above, the cause of action is not on behalf of Hayes and the underlying obligation alleged from Hayes to United did not arise in New York.

Another line of cases is also cited for the general proposition that the liability sued upon is one incurred within the state before the filing of the certificate of surrender. These cases are Antonana v. Ore Steamship Corporation, D.C.S.D. N.Y.1956, 144 F.Supp. 486 and Carlton Properties v. 328 Properties Inc., Spec. Tm.Nassau Co., 1955, 208 Misc. 776, 143 N.Y.S.2d 140. The cases appear to hold that so long as an obligation against a foreign corporation authorized to do business in New York existed prior to the surrender of the certificate of authority, it is an obligation incurred within the state under the provisions of General Corporation Law, § 216, subd. 1, par. e. if the party to whom the obligation is owed is a resident of New York State. While I express some doubt as to the validity of such a broad holding (cf. Hexter v. Day-Elder Motors Corporation, 1st Dept., 1920, 192 App.Div. 394, 182 N.Y.S. 717) I will prescind from any thorough analysis of their reasoning since, in any case, they are distinguishable. In both of those cases plaintiffs, were New York residents. In this case neither the nominal plaintiff nor the beneficial plaintiff are New York residents. (Indeed, if they were, this court would have no jurisdiction since the requisite diversity would be lacking). The fact that there are stockholders of

the beneficial plaintiff who are New York residents and, thus, would indirectly gain if the suit is eventually successful, cannot alter the fact that the parties plaintiffs to the action, whether nominal or beneficial, are non-residents of the State of New York.

Since there is some evidence that Hayes continued to do business in New York, I will not dismiss the complaint because personal jurisdiction over it may subsequently be obtained by service in accordance with New York Civil Practice Act, § 229, subds. 1 or 3, or Rule 4(d) (3) of the Federal Rules of Civil Procedure.

Insofar as the motion seeks a dismissal of the complaint as to Hayes, it is denied; insofar as it seeks to quash service of process on Hayes, it is granted.

It is so orderd.