GS Plasticos Limitada, Respondent, v Bureau Veritas, Appellant, et al., Defendant. [915 NYS2d 68]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered on or about April 16, 2010, which denied defendant Bureau Veritas's motion to dismiss the complaint as against it for lack of personal jurisdiction and for lack of jurisdiction pusuant to Business Corporation Law § 1314 (b), unanimously reversed, on the law, with costs, and the motion granted for lack of jurisdiction pursuant to Business Corporation Law § 1314 (b). The Clerk is directed to enter judgment dismissing the complaint as against Bureau Veritas.

In this action for tortious interference with contractual relations, plaintiff, a Brazilian company authorized to do business in New York, alleges that it lost a contract with a third party due to the issuance by defendant Bureau Veritas Consumer Products Services (BVCPS) of reports falsely concluding that plaintiff's products contained excessive amounts of arsenic. BVCPS, an indirect subsidiary of defendant Bureau Veritas (BV), provides testing and inspection services for consumer products, with testing facilities located in Buffalo, New York. BV is a French company that relinquished its authority to do business in New York before the commencement of this action.

As the motion court found, BV's surrender of its authority to do business in New York does not insulate it from the court's assertion of personal jurisdiction over it, because the liability in this case was "incurred by [BV] within this state before the filing of the certificate of surrender" (Business Corporation Law § 1310 [a] [5]; see Antonana v Ore S.S. Corp., 144 F Supp 486, 491 [SD NY 1956]; Munn v Security Controls, 23 AD2d 813 [1965]). Contrary to BV's argument, neither the language of the statute nor the case law limits relief to New York residents (see Carlton Props. v 328 Props., 208 Misc 776, 778-779 [1955];

*Antonana,* 144 F Supp at 491; *Green v Clark,* 173 F Supp 233, 236-237 [SD NY 1959]).

However, the court erred in finding that it had jurisdiction pursuant to Business Corporation Law § 1314 (b) (3), based on the tortious conduct's having arisen out of the testing services performed in New York. For purposes of Business Corporation Law § 1314 (b) (3), the inquiry is not where the tortious conduct occurred but "[w]here the cause of action arose" (*see id.; see also Gonzalez v Industrial Bank [of Cuba],* 12 NY2d 33 [1962]; *Hibernia Natl. Bank v Lacombe,* 84 NY 367, 384 [1881]). Plaintiff's claim is one for interference with contractual relations. Although the faulty testing that led to the loss of the contract occurred in New York, plaintiff had no cause of action until the contract was actually lost, i.e., until it was cancelled, and that cancellation occurred in Brazil.

Nor can plaintiff establish jurisdiction pursuant to Business Corporation Law § 1314 (b) (3) or (4), predicating jurisdiction under either of these subparagraphs on BVCPS's activities as an agent or mere department of BV. The record does not support a finding that BVCPS's activities are "so complete that [it] is, in fact, merely a department of [BV]," i.e., it was "performing the same activities (i.e., 'doing all the business') that [BV] would have performed had it been doing or transacting business in New York" (*see Porter v LSB Indus.,* 192 AD2d 205, 213, 214 [1993]). Concur—Tom, J.P., Mazzarelli, Friedman, Renwick and DeGrasse, JJ.