Leo TATERKA, Plaintiff,

v.

Herbert BROWNELL, Jr., United States Attorney General, Defendant.

United States District Court
S. D. New York.

July 5, 1956.

James J. Cally, New York City, for plaintiff.

Paul W. Williams, U. S. Atty., Southern District of New York, New York City (Paul E. McGraw, Washington, D. C., of counsel), for defendant.

THOMAS F. MURPHY, District Judge.

This is a suit against the Attorney General as successor to the Alien Property Custodian to recover damages in the amount of $33,000. The plaintiff has filed three complaints, all the while maintaining an inscrutable silence as to the precise nature of his action. (Paragraphs fourth and fifth of the present amended complaint allege that "this action is founded on the existence of a Federal question and the amount in controversy" and "jurisdiction is further vested in this court by reason of Federal Laws appertaining to such matters"). The resulting ambiguity, we suspect, was not entirely unintended. At any rate, it appears that the suit is brought pursuant to some section of the Trading With the Enemy Act, 40 Stat. 411, as amended, 50 U.S.C.A.Appendix, § 1 et seq.

The first amended complaint came before this court nearly two years ago on the government's motion to dismiss, which was granted but with leave to plead over again in this district or to file a complaint in the District of Columbia. It appeared to us at the time that if this suit were one brought under § 34 of the Act for the payment of a debt this court lacked jurisdiction, and if it were one for the recovery of property under §§ 9 and 32 then plaintiff had neglected to make several essential allegations. Soon thereafter a third complaint was filed and although this made no express at-

tempt to clarify plaintiff's theory of action the fact that it was filed in this district and contained the suggested remedial allegations supports the assumption that plaintiff has elected to proceed under §§ 9 and 32.

This assumption was confirmed by plaintiff's testimony on the witness stand. He there alleged himself to be a non-enemy possessing lawful right, title and interest in the properties of Siemens & Halske A. G. and Allgemeine Elektricitaets Gesellschaft. It is undisputed that certain of the properties of these two German companies have been vested in the defendant. Plaintiff claims his interest by virtue of his stock ownership in the above named corporations. The stock was allegedly on deposit with the Bank des Judischen Mittelstandes Kreditverein fur Handel und Gewerbe, e.G. m.b.H. and was allegedly confiscated by the German authorities in the late 1930's as a part of their systematic anti-semitic campaign. This stock ownership was held, on defendant's motion for summary judgment, by another member of this court, to be an "interest" in the assets of the enemy corporation. Cf. Kaufman v. Societe Internationale, 1952, 343 U.S. 156, 72 S.Ct. 611, 96 L.Ed. 853.

The government resists the claim on three grounds: (1) plaintiff has failed to prove he was a shareholder in the enemy corporations at the time of vesting; (2) a mere stock interest in an enemy corporation is not sufficient right, title or interest under the terms of § 32 of the Act, and (3) plaintiff has failed to file a proper notice of claim and has otherwise failed to comply with the terms of § 9(a) of the Trading With the Enemy Act. The first defense raises a host of factual issues and the second a number of interesting legal ones, but both may be by-passed since the government is entitled to prevail upon the third.

Under the statutory scheme of the Trading With the Enemy Act, an aggrieved person is afforded two distinctly different types of relief. Pursuant to § 34, he may file a claim for the *payment of debts*. If he is dissatisfied with the Custodian's determination of the matter he may file a complaint for review in the District Court for the District of Columbia, § 34(e). This is his exclusive remedy, § 34(i). The other method is to file a claim for the *return of property* under § 32. In the event of dissatisfaction suit may be brought in the district court for the district wherein the plaintiff resides, § 9(a). The pertinent provisions of these sections are as follows:

"§ 32. Return of property—(a) Conditions precedent

"The President, or such officer or agency as he may designate, may return any property or interest vested in or transferred to the Alien Property Custodian * * * whenever the President or such officer or agency shall determine—

"(1) that the person who *has filed a notice of claim for return, in such form as the President or such officer or agency may prescribe * * *.*" (Emphasis added.)

"§ 9. Claims to propery transferred to custodian; notice of claim; filing; return of property; suits to recover

"(a) Any person not an enemy or ally of enemy claiming any interest, right, or title in any money or other property which may have been conveyed, transferred, assigned, delivered, or paid to the Alien Property Custodian or seized by him hereunder and held by him * * * *may file with the said custodian a notice of his claim under oath and in such form and containing such particulars as the said custodian shall require; * * * if the claimant shall have filed the notice as above required * * * said claimant may institute* a suit in equity in the Supreme Court of the District of Columbia or in the district court of the United States for the district in which such claimant resides * * *.*" (Emphasis added.)

Section 35 of the Act also gives the officer or agency empowered to entertain

claims under sections 9(a), 32 and 34 the authority "to prescribe rules and regulations governing the form and contents of claims". Pursuant to this authorization, the following rules and regulations have been promulgated, 8 C.F.R., ch. II:

"Section 502.6 *Forms.* (a) Claims shall be filed on forms authorized or prescribed by the rules of this Office."

"Section 501.80 *Forms.* The following forms have been authorized for use by the public and may be obtained upon request to the Office of Alien Property, Department of Justice, Washington 25, D. C.

"Form APC–1A Notice of Claim Under Section 32

"Purpose: For use by persons seeking return, under section 32 of the Trading with the Enemy Act, of property vested by the Alien Property Custodian or the Attorney General.

"Contents: Claimant's name and address; claimant's agent and fees; identification and value of property claimed; characterization of claimant; characterization of owner at date of vesting; chain of title.

"Form APC–1C Notice of Claim Under Section 34

"Purpose: For use by persons seeking payment of debts under section 34 of the Trading with the Enemy Act.

"Contents: Claimant's name, address, citizenship; claimant's agent, fees; identification of debtor and property; amount, nature, and date of debt."

"Section 502.31 Filing of claim as condition precedent to suit. The filing heretofore or hereafter, of a claim under section 32 of the act shall constitute the filing of notice required by section 9 of the act as a condition precedent to the filing of a suit in equity for the return of property vested in or transferred to the Attorney General of the United States pursuant to the act."

A suit instituted pursuant to § 9 is the sole and exclusive remedy of those seeking to recover vested property. Josephberg v. Markham, 2 Cir., 1945, 152 F.2d 644; Sturchler v. Sutherland, D.C.E.D.N.Y.1927, 19 F.2d 999; Heyden Chemical Corp. v. Clark, D.C.S.D.N.Y. 1949, 85 F.Supp. 949; Ecker v. Atlantic Refining Co., D.C.D.Md.1954, 125 F.Supp. 605, affirmed, 4 Cir., 1955, 222 F.2d 618. Since this type of suit is one against the United States and since the sovereign can be sued only with its consent, such consent must be strictly construed and unless the claimant comes squarely within the provisions of the Act the suit must be dismissed. Banco Mexicano de Commercio e Industria v. Deutsche Bank, 1924, 263 U.S. 591, 44 S.Ct. 209, 68 L.Ed. 465; Deutsche Bank und Disconto-Gesellschaft v. Cummings, 1936, 65 App.D.C. 297, 83 F.2d 554, reversed on other grounds 1937, 300 U.S. 115, 57 S.Ct. 359, 81 L.Ed. 545; Pflueger v. United States, 1941, 73 App.D.C. 364, 121 F.2d 732, certiorari denied 1941, 314 U.S. 617, 62 S. Ct. 98, 86 L.Ed. 497; Kaname Fujino v. Clark, D.C.D.Hawaii, 1947, 71 F.Supp. 1, affirmed 9 Cir., 1949, 172 F.2d 384, certiorari denied 1949, 337 U.S. 937, 69 S.Ct. 1512, 93 L.Ed. 1743, rehearing denied 1949, 338 U.S. 839, 70 S.Ct. 34, 94 L.Ed. 513; Iwazo Yamashita v. Clark, D.C.D.Hawaii 1948, 75 F.Supp. 51. By the express terms of § 9 the filing of "a notice of his claim under oath and in such form and containing such particulars as the said custodian shall require" is a condition precedent to maintaining the suit. Central Union Trust of New York v. Garvan, 1921, 254 U.S. 554, 41 S.Ct. 214, 65 L.Ed. 403; Ladue & Co. v. Brownell, 7 Cir., 1955, 220 F.2d 468, certiorari denied 1955, 350 U.S. 823, 76 S.Ct. 50; Panatech Corp. v. Carl Zeiss, Inc., D.C.S.D.N.Y.1953, 110 F. Supp. 664. As set forth above, the regulations require that claims for the return of property must be filed on Form APC–1A.

The issue to be decided is whether or not plaintiff has sufficiently complied with the filing requirements in order to

prosecute this action. It is undisputed that in 1943 the plaintiff filed with the United States Treasury Department "Form TFR–500: Census of Property in Foreign Countries—Series B: Detailed Property Report" listing a number of items of property located in Germany, including the shares of stock here involved. This form is merely a schedule and not a claim. In November of 1947 plaintiff claims to have filed in triplicate, with the Alien Property Custodian, a claim for the shares of stock. There is no evidence relating to the type of form allegedly filed, but the instruction sheet which according to plaintiff accompanied the forms (all of which he received from the American Federation of Jews from Central Europe) appears to be a State Department document. At any rate, plaintiff readily admitted on cross-examination that whatever the nature of the forms, they were not under oath. An exhaustive search of the Alien Property Custodian's files indicates that he never received either the forms or the purported covering letter. We find as a fact that no such claim was ever filed. On April 24, 1952, plaintiff filed with the Alien Property Custodian two claims covering the stock in question on "Form APC–1C Notice of Claim for Payment of Debt." This claim under § 34 would appear to be time barred but we make no such finding.

■■ Generally speaking, courts are reluctant to dismiss claims for non-compliance with formalities. In this case, however, the choice of the appropriate form is something far more than a mere technicality. Suits based upon Form APC–1C and the provisions of § 34 are wholly outside the jurisdiction of this court. (Cf. Orvis v. McGrath, 2 Cir., 1952, 198 F.2d 708, affirmed sub. nom. Orvis v. Brownell, 1953, 345 U.S. 183, 73 S.Ct. 596, 97 L.Ed. 938, which, however, seems to have no application to the present problem). The form used, therefore, serves a jurisdictional as well as a notication purpose. A comparison of §§ 32 and 34 indicates that they are dissimilar in virtually every respect. It would scarcely seem to be asking too much of the plaintiff to require him to determine whether he is seeking the payment of a debt or the return of property and to proceed accordingly.

■ Since plaintiff has failed to show compliance with the requirement of filing a sworn claim on Form APC–1A and the credible evidence shows the failure to file any claim that would give this court jurisdiction, his complaint should be dismissed.

Judgment accordingly.