Karl PANTZER, Sophie I. Witt, Charles J. Leuffen, Ferdinand Leuffen, Theodore Koehn, Curt Grevenitz, Henry Schnoede-wind, Fritz Schroeder and Joseph Lieb-lein, for themselves and on behalf of all other members of German-American Vocational League, Inc., and Theodore Koehn, Henry Schnoedewind, Fritz Schroeder and Joseph Lieblein, as directors of and trustees for German-American Vocational League, Inc. and its members, and as directors of D.A.B. Recreational Resort, Inc., Plaintiffs,

v.

William P. ROGERS, Attorney General of United States, as successor to Alien Property Custodian, Defendant.

Civ. No. 18536.

United States District Court
E. D. New York.

Dec. 4, 1959.

George C. Dix, New York City, for plaintiffs.

Cornelius W. Wickersham, Jr., U. S. Atty., Eastern Dist. of New York, Robert C. Carey, Asst. U. S. Atty., Brooklyn, N. Y., for defendant.

BRUCHHAUSEN, Chief Judge.

The defendant, pursuant to Rules 12, 17 and 23(a) (1) of the Federal Rules of Civil Procedure, 28 U.S.C.A., moves to dismiss the action upon the ground that the complaint fails to state a claim for which relief can be granted.

The facts briefly are as follows: The plaintiffs sue as a class, also as trustees of German-American Vocational League, Inc., hereinafter called German-American, and D.A.B. Recreational Resort, Inc., hereinafter called D.A.B. Both corporations were duly organized and existed by virtue of the laws of the State of New York. They seek the return of certain realty, located in New Jersey, pursuant to Section 9(a) of the Trading With The Enemy Act, 50 U.S.C.A.Appendix, § 9(a). The shares of stock of D.A.B. were issued to four trustees as trustees for German-American. On January 4, 1942, German-American voted to suspend membership meetings for the duration and transferred its property together with the members' interests therein to the four directors as trustees for the members. On January 6, 1943, the defendant by Vesting Order No. 626 vested all of the outstanding stock of D.A.B. and caused individuals, designated by him, to be elected officers in place of D.A.B.'s officers. On July 8, 1943, by Vesting Order No. 1765 the defendant vested "all property of any nature whatsoever situated in the United States and owned or controlled by, payable or deliverable to, or held on behalf of or on account of or owing to German-American Vocational League, Inc., and the interests therein of any and all of the members of German-American Vocational League, Inc."

Subsequently suit was commenced by various individuals as a class for all members of German-American and by Theodore Koehn and three other directors as directors and trustees for German-American and as directors of D.A.B. for the return of the vested property. The defendant, in his answer, denied all of the material allegations of the complaint and now moves to dismiss the complaint. The complaint must be read and considered in the light most favorable to the plaintiffs.

The defendant's motion is based upon three grounds. They are hereinafter separately considered, viz.: First, the defendant alleges that under Rule 17 this action is not prosecuted in the names of the real parties in interest, namely German-American and D.A.B. However, the plaintiffs allege that they are suing as trustees of an express trust, that they are by statute real parties in interest, and, therefore, entitled to commence this action. This allegation, under denial by the defendant, raises a sharp question of fact as to whether the plaintiffs are trustees of an express trust, and, therefore, entitled to sue. By the affidavits before the court, this question can not now be resolved. Testimony should be taken in order to determine the issue. In the event the plaintiffs do not sustain their position as alleged trustees, then upon motion, the complaint may be dismissed. It is true that in the case of Dix v. Brownell, D.C., 159 F.Supp. 163, affirmed Dix v. Rogers, 2 Cir., 269 F.2d 84, the Court held at page 89 that "Section 9(a) of the Trading with the Enemy Act is the only route by which a return of the property may be sought and then only by the former owner, D.A.B., or its grantee through an authorized conveyance." However, if the plaintiffs can sustain their position and qualify within the exception of Rule 17, they would be the real party plaintiffs in this suit. The statute further states that the trustee need not join the party for whose benefit the action is brought. The statute would make the beneficiary a proper party and not a necessary or indispensable party.

Second: The defendant alleges in his supporting affidavit to dismiss that

the owner of the primary rights must first refuse to enforce its rights before a class action can be maintained under Rule 23(a) (1). In the case at bar all rights of the corporations were vested by the defendant, and the defendant replaced the officers with his employees. Under such circumstances it would appear that such demand would be futile. Cohen v. Industrial Finance Corporation, D.C., 44 F.Supp. 489.

Third: As previously stated, the two corporations are proper but not necessary parties to this action. Although the corporations were located in the County of New York this court did not have jurisdiction of them by reason of the statute. If the plaintiffs sustain the burden of proving they are trustees and are residents of this district, the venue is proper.

In accordance with Rule 12(d) the motion is denied, without prejudice to its renewal at the trial, after testimony is taken on the issue of the plaintiffs' status as trustees of an express trust.