**PIONEER IMPORT CORPORATION, Werner C. Von Clemm and Rayford W. Allen, Trustee, co-partners under the name of Bridge Import Co., a co-partnership, and Werner C. Von Clemm, individually, Plaintiffs,**

v.

**William P. ROGERS, Attorney General of the United States, and Ivy Baker Priest, Treasurer of the United States, Defendants.**

United States District Court
S. D. New York.
Dec. 22, 1960.

---

6. 42 U.S.C.A. §§ 403(b), 404(a).

Alexander Kahan, New York City, for plaintiffs.

S. Hazard Gillespie, Jr., U. S. Atty. for the Southern District of New York, New York City, for defendants. Herbert F. Roth, Asst. U. S. Atty., Astoria, N. Y., of counsel.

McGOHEY, District Judge.

The defendant before answer in this suit, brought under section 9(a) of the Trading With the Enemy Act,[1] moves pursuant to Rule 21 of the Federal Rules of Civil Procedure, 28 U.S.C.A., to "dismiss" Pioneer Corporation as a party plaintiff; and under Rule 12(b) to dismiss one of the pleaded claims for "lack of jurisdiction."

The complaint names three plaintiffs: Pioneer Import Corporation, Werner Von Clemm and Bridge Import Co., a partnership.

The complaint alleges that in 1942 the Alien Property Custodian seized and vested the outstanding shares of Pioneer stock owned by Von Clemm; and in 1945 seized and vested the property owned by Pioneer and by Bridge, in which Von Clemm was a partner.

It is further alleged that in 1941 and 1942, the British government seized additional property of Pioneer in Bermuda.

After claims for return of the corporate and partnership property seized by both the United States and Britain, and for return of Von Clemm's shares were denied by the Custodian, this action was commenced under section 9(a) of the Trading With the Enemy Act. The complaint alleges wrongful seizure of the stock; wrongful seizure of the property of Pioneer and Bridge; and negligence of the United States in failing to press for the recovery of Pioneer's property seized by Britain.

The vesting of title to Von Clemm's stock gave the Custodian the rights of a stockholder in Pioneer.[2] The

---

1. 50 U.S.C.A.Appendix § 9(a).

2. Hamburg-American Line T. & N. Co. v. United States, 277 U.S. 138, 48 S.Ct. 470, 72 L.Ed. 822; Schering Corp. v. Gilbert, 2 Cir., 153 F.2d 428.

vesting of title to the corporate and partnership property gave the Alien Property Custodian the owner's right, title and interest therein.[3]

Since the seizure of Von Clemm's stock in 1942, the Custodian and his successor the Attorney General have managed and controlled Pioneer through their respective assistants who have served as its officers and directors.[4] The Attorney General concededly has not authorized Pioneer to bring or join in this suit.

Von Clemm argues that since he was the sole stockholder in Pioneer at the time of the seizure and vesting and has never "abdicated, abandoned or waived his rights," he must be allowed to make the corporation a party plaintiff in order to get full relief in one action. In this he is mistaken. His capacity to sue is not challenged and his rights can be fully adjudicated by joining Pioneer as a party defendant in this suit.[5] There is no occasion here to make Pioneer "an involuntary plaintiff."

The British-seized property, it is conceded, was never conveyed, transferred, assigned, delivered, paid to or seized by the Alien Property Custodian under the terms of section 9(a). The claim is, rather, that the defendants and their predecessors negligently failed "to file a claim with the British Enemy Property Custodian for the value of the" property, pursuant to the authority granted them to do so by Executive Order No. 10244 of May 17, 1951, 50 U.S.C.A.Appendix, § 40 note.[6]

The court has jurisdiction to determine whether the allegation as to negligence states a claim on which relief may be granted under the Act.[7] It does not. The United States can be sued only in so far as it consents. The Trading With the Enemy Act is an instance of this consent and suit will lie under section 9(a) only when its provisions are met.[8] When property sought to be recovered never was seized, etc. by the Custodian, an action does not lie under this section and must be dismissed.[9] It is, moreover, clear from its language that the statute does not give a right to sue for negligence by the Alien Property Custodian in failing to recover the British-seized property.

Pioneer Corporation will be stricken as party plaintiff. The order to be entered may contain a provision adding it as a party defendant pursuant to Rule 21 of the Federal Rules of Civil Procedure.

The claim based on negligence with respect to the British-seized property is dismissed for failure to state a claim under section 9(a) of the Trading With the Enemy Act.

Settle order.

3. United States v. Chemical Foundation, Inc., 272 U.S. 1, 47 S.Ct. 1, 71 L.Ed. 131; Clark v. Continental Nat. Bank of Lincoln, Neb., D.C., 88 F.Supp. 324; United States v. Borax Consol., D.C., 62 F.Supp. 220.

4. Pioneer was, in fact, dissolved in 1949. Presently it has de facto existence for the purpose of winding up its affairs.

5. See Pantzer v. Rogers, D.C., 180 F. Supp. 659; 3 Moore's Federal Practice 2nd p. 2147, § 19.06.

6. 3 C.F.R., 1949–1953 Comp. p. 752.

7. Becker Steel Co. of America v. Cummings, 296 U.S. 74, 79, 56 S.Ct. 15, 80 L.Ed. 54.

8. Pflueger v. United States, 73 App.D.C. 364, 121 F.2d 732, certiorari denied 314 U.S. 617, 62 S.Ct. 98, 86 L.Ed. 497; Kober v. Brownell, 149 F.Supp. 510; Taterka v. Brownell, D.C., 143 F.Supp. 57.

9. See Hunter v. Central Union Trust Co., D.C., 17 F.2d 174, 179.